ROGER J. GUTHRIE vs. JOHN J. CANTY & another.

Middlesex.    March 6, 1944. — March 29, 1944.

Present: FIELD, C.J., LUMMUS, DOLAN, RONAN, & WILKINS, JJ.

*Fraudulent Conveyance. Fraud. Real Property*, Ownership. *Power.
Trust*, Acquisition of property, Revocation.

In a suit by a creditor to reach and apply real estate alleged to be held
   by a straw for the debtor in fraud of the plaintiff, the mere facts,
   that the debtor, validly, so far as appeared, had created a trust from
   his own property "to protect his family" by executing a declaration
   of trust naming his wife and children as beneficiaries, following which
   the real estate in question was conveyed to the straw at the debtor's
   direction and for consideration coming from the trust at a time when
   the debtor had no property of his own, did not require findings that
   the real estate was held by the straw for the personal benefit of the
   debtor and that it had been acquired with his own assets, contrary
   to findings made by a master that it had been acquired with trust assets
   and was held for the benefit of the trust; and the plaintiff was not
   entitled to reach and apply the real estate.
A settlor of a trust, who reserved a power to revoke it, could not be
   required by a court of equity to exercise that power in order to satisfy
   the claim of his creditor.

BILL IN EQUITY, filed in the Superior Court on January
28, 1942.

The suit was heard by *Hanify*, J., upon a master's report.

*A. M. MacNeil*, for the plaintiff.

*E. O. Proctor*, for the defendants.

WILKINS, J.    A bill in equity by a judgment creditor of
the defendant Canty seeks to reach and apply real estate
of which the defendant Foster is the record holder. It is
alleged that Canty is the owner, that Foster holds for his
use and benefit, and that the same was conveyed by Canty
to Foster for the purpose of hindering, delaying, and de-
frauding creditors. The case was referred to a master, who,
while finding the existence of the judgment, which was
admitted, found against the plaintiff's contentions as to
the real estate. The plaintiff filed objections, which be-

came exceptions, to the master's report. An interlocutory decree, overruling the exceptions and confirming the report, and a final decree, establishing the indebtedness of Canty and otherwise dismissing the bill of complaint, were entered. The plaintiff appealed.

From the master's report the following appears: In 1938 Canty, a builder, gave a second mortgage to the plaintiff on some real estate to secure an indebtedness. On April 20, 1939, Canty executed a declaration of trust, called the Regina Trust, of which his wife and children were the beneficiaries. The trust was created from his own property "for the purpose of continuing the life of this property and to protect his family." "In substance the purpose of the trust is to develop this property by building, selling and renting it for the benefit of the beneficiaries." Canty had "the normal powers of a trustee," could determine what dividends from income should be paid, and who the distributees were and their proportions. He reserved the right to amend or revoke. On April 20, 1939, Canty as such trustee received a conveyance of land in Auburndale from a bank, which took back a first mortgage. A second mortgage was given to one Levin. Canty took over the development and started to build houses with the help of his sons. Levin later foreclosed, and Canty, as trustee, made a claim against him, which was compromised February 8, 1940, by a written agreement between Canty, individually and as trustee, and Levin, whereby the latter agreed to convey the land to "Canty or his nominee" and to take back a mortgage from "Canty or his nominee." Canty nominated Foster as grantee to facilitate borrowing, and a deed and mortgage were delivered and recorded. Foster, who holds solely for the benefit of the trust, acted under Canty's instructions and gave no consideration. In 1940 Canty from funds of the trust bought an equity in a parcel in Newton, and title was taken in the name of Foster to hold for the beneficiaries of the trust. Subsequent to the creation of the trust the prior mortgage on the land on which the plaintiff held a mortgage was foreclosed without the plaintiff realizing anything. At the time of each conveyance to Foster, Canty

was unable to pay the plaintiff, and had no property of his own.

The plaintiff contends that there is an inconsistency between the finding that Foster was holding solely for the benefit of the trust and the other facts found, which it is argued required a finding that Foster was holding for the benefit of Canty. He also contends that there is an inconsistency between the finding that the Newton property was purchased with trust assets and the other facts found, and argues that a finding was required that it was purchased with assets of Canty. These contentions are not sound. There is no inconsistency, and none of the facts found required as a matter of law either finding as asserted by the plaintiff. There is no allegation in the bill of complaint, and there is no finding, that Canty was insolvent when the trust was created. The only transactions questioned are the two conveyances to Foster. It is expressly found that "this conveyance" did not render Canty insolvent, nor could either conveyance have done so, as the consideration each time came from the trust. The conveyances were not by Canty, and so did not fall within G. L. (Ter. Ed.) c. 109A, § 4, which reads: "Every conveyance made . . . by a person who is or will be thereby rendered insolvent is fraudulent as to creditors without regard to his actual intent if the conveyance is made . . . without a fair consideration."

The plaintiff asks that Canty be required to exercise his power of revocation. This power cannot be reached by creditors. *National Shawmut Bank* v. *Joy, ante,* 457, 474.

The interlocutory decree is affirmed, and the final decree is affirmed with costs. For the effect of our rescript in this case, see *Carchidi* v. *Kalayjian,* 264 Mass. 230; *Rudnick* v. *Rudnick,* 281 Mass. 205, 208; *St. Michael's Ukrainian Greek Catholic Church* v. *St. Michael's Ukrainian Orthodox Church,* 288 Mass. 258, 262.

*Ordered accordingly.*