PER CURIAM.
 

 Plaintiff Karen George, a resident of Braintree, Massachusetts, in 1970 placed her one-family house and surrounding property in a revocable trust, designating herself as trustee and her children as beneficiaries. Five years later, she and her husband filed a joint petition under chapter XIII of the Bankruptcy Act, 11 U.S.C. §§ 1001-1086 (1970). In their chapter XIII statement, they listed the Braintree real estate as “trust property.” Included among the list of creditors was defendant Kitchens By Rice Brothers, Inc., to whom $4,749.36 was owed for the design and installation of a custom kitchen in the Braintree house. A wage earner plan providing for seventeen percent repayment to unsecured creditors was confirmed in 1975 and completed in 1979, pursuant to which the defendant received $807.39.
 

 During the pendency of the chapter XIII proceeding, the defendant in July 1975 filed a complaint in state court against Karen George and her husband. Upon learning of
 
 *8
 
 the bankruptcy petition, the state court dismissed the action against the latter but permitted the suit against Karen George, in her capacity as trustee, to continue. An execution was issued in February 1977, the Braintree property was seized one month later, and the defendant scheduled a sheriff’s sale of the property for April 1980. Plaintiff then brought the present action for injunctive relief, alleging that the Braintree real estate had been included in the chapter XIII proceeding and that the defendant’s receipt of dividends under the plan had effected a discharge of its entire claim. The bankruptcy court, and the district court on appeal, denied relief on the ground that property to which the debtor holds legal, but not equitable, title falls outside the bankruptcy jurisdiction.
 

 Plaintiff does not contest the fact that, throughout the length of the chapter XIII proceeding, equitable title to the Braintree property resided in her children, the trust beneficiaries. In these circumstances, we agree that the real estate did not constitute “property” of the plaintiff within the meaning of the Bankruptcy Act. See, e.
 
 g., In re Kennedy & Cohen, Inc.,
 
 612 F.2d 963, 965, 966 (5th Cir.) (per curiam),
 
 cert. denied,
 
 449 U.S. 833, 101 S.Ct. 103, 66 L.Ed.2d 38 (1980);
 
 Selby v. Ford Motor Co.,
 
 590 F.2d 642, 645 (6th Cir. 1979);
 
 Elliott v. Bumb,
 
 356 F.2d 749, 753 (9th Cir.),
 
 cert. denied,
 
 385 U.S. 829, 87 S.Ct. 67, 17 L.Ed.2d 66 (1966); see
 
 generally
 
 4A Collier on Bankruptcy § 70.25 (14th ed. 1978); 3 Scott on Trusts § 221.1 (1967). See
 
 also Pearlman v. Reliance Ins. Co.,
 
 371 U.S. 132, 135-36, 83 S.Ct. 232, 234-35, 9 L.Ed.2d 190 (1962) (surety’s right of subrogation);
 
 Gulf Petroleum, S.A. v. Collazo,
 
 316 F.2d 257, 261 (1st Cir. 1963) (escrow account). Clearly, no problem of “tracing” the trust property was presented. See
 
 generally Sonnenschein v. Reliance Ins. Co.,
 
 353 F.2d 935, 936-37 (2d Cir. 1965). And the fact that plaintiff reserved the power to revoke the trust does not call for a different result; in contrast to the situation in some states,
 
 see, e. g., Creel v. Birmingham Trust Nat’l Bank,
 
 383 F.Supp. 871, 879 (N.D.Ala.1974),
 
 aff’d,
 
 510 F.2d 1363 (5th Cir. 1975) (per curiam), such a power of revocation under Massachusetts law is not considered property,
 
 National Shawmut Bank v. Joy,
 
 315 Mass. 457, 474, 53 N.E.2d 113 (1944), and cannot be reached by creditors.
 
 Guthrie v. Canty,
 
 315 Mass. 726, 728, 53 N.E.2d 1009 (1944);
 
 see generally
 
 4 Scott on Trusts,
 
 supra,
 
 § 330.12; Restatement (Second) of Trusts § 330, comment of (1959). Plaintiff is correct in contending that the completion of the chapter XIII proceeding effected a discharge of all claims against her personally. But the defendant’s state court suit arises out of a contract for improvements in the trust property, a contract plaintiff executed while acting as trustee. The suit involves plaintiff only in her status as trustee and seeks recovery only from the trust res. We agree with the bankruptcy court that such a claim was not foreclosed by the chapter XIII proceeding and is properly left to the state courts for determination.
 

 Affirmed.