Rockingham
No. 81-216

ALLARD & GEARY, INC. & a.

v.

JAMES FARO

July 2, 1982

*Sayer & Kellett*, of Salem (*James A. Sayer, Jr.*, on the brief and orally), for the plaintiffs.

*Bruce E. Barron*, of Salem, by brief and orally, for the defendant.

BROCK, J. This is an action challenging a Master's (*Mayland H. Morse, Jr.*, Esq.) award of a real estate commission to the plaintiffs, Allard & Geary, Inc. and Edward Dudley Real Estate. The defendant, James Faro, appeals the master's decision on the ground that the plaintiff realtors were not entitled to their commission because they failed to produce a buyer who was ready, willing, and able to perform on the closing date. We find merit to the defendant's argument, and accordingly we reverse.

In the fall of 1979, the defendant listed his two-family residence in Salem for sale with the plaintiff Allard & Geary, Inc. In October 1979, the plaintiffs arranged a purchase-and-sale agreement between defendant and a prospective purchaser, Thomas Morgan. Morgan asked the defendant to keep the apartments vacant while waiting for the closing, which was set for December 14, 1979. The purchase-and-sale agreement provided that the closing should take place "on or before" December 14, 1979. The word "before" was handwritten on the form contract and reflected the defendant's choice between "on or before," and "on or about." Morgan's purchase was conditioned upon his receiving one hundred percent Veterans' Administration financing. Before signing the purchase-and-sale agreement, the defendant explained to one of the plaintiffs' agents, Gerry Baker, that it was crucial that the property be sold on December 14, 1979, because he could not afford to comply with Morgan's condition that the apartments be left vacant for any longer than that. The defendant explained that he was still

obligated to make mortgage payments and pay large heating bills, yet was receiving no rental income. In response to the defendant's concerns, Baker assured the defendant that the clause in the purchase-and-sale agreement providing that the closing should occur "on or before" December 14, 1979, meant that, if no closing had taken place by December 14, 1979, the defendant would no longer be obligated to sell to Morgan.

Morgan was unable to purchase the home on December 14, 1979, because his financing had not yet been approved. The defendant agreed to extend the purchase-and-sale agreement for one month. The plaintiffs' agent assured the defendant that "on or before" the new closing date of January 14, 1980, meant that the transfer had to be completed by that date, or the contract would no longer be binding. Because the defendant would otherwise have been unable to make his mortgage payment for the month of January 1980, $300 of Morgan's deposit was advanced to the defendant for that purpose.

On January 11, 1980, the defendant was asked for an additional extension of one month. By then his financial situation was so precarious that he had to refuse the extension. Upon the defendant's refusal to grant the extension, the plaintiffs' agent said: "O.K., it's your money." On January 14, 1980, Morgan informed the plaintiffs that his financing had been approved, and that they could schedule a closing date. The plaintiffs, however, did not inform the defendant of this until January 23, 1980. By that time, the defendant, who believed that the purchase-and-sale agreement was no longer in effect, had changed his position and was no longer able to sell the property. He had leased one of the apartments and had moved into the other.

On February 8, 1980, Morgan brought a petition for specific performance against the defendant. Although the defendant, in an effort to resolve the dispute, agreed to sell the property, Morgan was unable to purchase the property because he discovered that his financing arrangement had expired. Subsequently, the plaintiffs brought this action against the defendant to recover their real estate commission.

Finding that the purchase-and-sale agreement did not specifically state that "time was of the essence," the master determined that the marginal extension of the closing date beyond January 14, 1980, was not unreasonable. He allowed the plaintiffs to recover their commission because they had procured a ready, willing, and able buyer.

■■ In order to determine whether time is of the essence in an agreement, the trier of fact should not use a mechanical test, but

should determine the intent of the parties in light of the instrument itself and all the surrounding circumstances, including the parties' words, actions, and interpretation of their agreement. *Guy v. Hanley*, 111 N.H. 73, 75, 276 A.2d 1, 3 (1971); *see also Johnson v. Korsak, Inc.*, 120 N.H. 412, 415, 415 A.2d 1141, 1143 (1980). The issue in the present case is whether the record supports the master's conclusion that time was not of the essence in the purchase-and-sale agreement between the defendant and Morgan. *See Campo v. Maloney*, 122 N.H. 162, 168, 442 A.2d 997, 1001 (1982). We conclude that the record does not support the master's determination. The evidence is overwhelming that the parties intended that time be of the essence in the purchase-and-sale agreement. The defendant clearly indicated that the closing must take place on or before January 14, 1980. Because the plaintiffs did not produce a ready, willing, and able buyer on or before that date, they were not entitled to their commission. *See Bell v. Warren Dev. Corp.*, 114 N.H. 267, 268, 319 A.2d 299, 300 (1974).

*Reversed.*

All concurred.