Strafford
No. 81-032

## STRAFFORD SAVINGS BANK

v.

## MARK R. BRUCE & a.

July 2, 1982

*Barrett & McNeill P.A.*, of Durham (*Malcolm R. McNeill, Jr.*, on the brief and orally), for the defendants Mark R. Bruce and Eleanor A. Bruce.

*Kearns, Colliander & Donahue P.A.*, of Exeter (*David S. Brown* on the brief and orally), for the defendant Patricia Grahame Real Estate, Inc.

*T. Casey Moher*, of Dover, by brief and orally, for the defendant Patsy S. Lynch, d/b/a Patsy S. Lynch Real Estate.

BROCK, J.   The defendants Mark and Eleanor Bruce appeal the Trial Court's (*Goode*, J.) denial of their motion to dismiss the plaintiff's bill of interpleader and its order for payment of the deposited funds. We affirm in part, reverse in part, and remand.

In December 1979, Mark and Eleanor Bruce listed their house for sale. Patricia Grahame Real Estate, Inc., and Patsy S. Lynch Real Estate (Grahame and Lynch) found a purchaser and scheduled a closing for May 16, 1980. At the closing they presented their bill for $3,420, but the Bruces refused to pay the commission. Instead, the Bruces requested that all proceeds of the purchase be held in escrow at the Strafford Savings Bank pending resolution of their contemplated bankruptcy proceedings. The bank refused to proceed with the closing unless the real estate commissions were secured. The parties agreed to allow the plaintiff bank to hold the $3,420 in escrow and then deposit the sum in superior court. On May 20, 1980, the plaintiff deposited the money in court and filed a bill of interpleader naming the Bruces, Grahame Real Estate, Inc., and Lynch Real Estate as co-defendants.

On May 28, 1980, the Bruces filed a petition in bankruptcy court. They listed the disputed $3,420 as their property in bankruptcy and listed Grahame and Lynch as general unsecured creditors. In their answer to the plaintiff's bill of interpleader, Grahame and Lynch asserted that the disputed sum was due and owing to them and was not part of the Bruces' bankruptcy estate because it was no longer the Bruces' property as of the closing. Grahame and Lynch filed this answer in superior court and not in bankruptcy court because they asserted that the $3,420 was never part of the Bruces' bankruptcy estate.

In June 1980, the bankruptcy court issued an automatic stay of proceedings and ordered that the first meeting of creditors be held. The Bruces thereupon filed a motion to stay the proceedings in superior court, but the Superior Court (*Goode*, J.) denied the motion

on the ground that "[f]ederal bankruptcy proceedings do not merely by virtue of their maintenance terminate or otherwise affect an action pending in a State court as to matters not covered by the Bankruptcy Act." Subsequently, Grahame and Lynch filed motions for payment of their commission and for imposition of a constructive trust upon the funds. On September 9, 1980, the Superior Court (*Contas*, J.) denied their motion, advising them to direct their claims to the bankruptcy court. Grahame and Lynch did not act upon that advice, and two days later the period for filing objections to the discharge of debts in the bankruptcy court expired. On October 2, 1980, the Bruces were granted a discharge. Immediately thereafter, the Bruces filed their motion to dismiss the bill of interpleader in superior court. The Trial Court (*Goode*, J.) denied the motion and ordered that Grahame and Lynch be paid jointly out of the $3,420 deposited with the court. The court at no time received testimony concerning which of the two realtors was entitled to the funds. Counsel for the Bruces timely appealed that decision.

On appeal, the Bruces argue that the disputed funds are part of their bankruptcy estate and should have reverted back to them after they had been granted a discharge in bankruptcy. Grahame and Lynch, on the other hand, argue that the Bruces had no property interest in the escrowed funds when they commenced their bankruptcy proceeding; that they earned their commissions by producing a buyer for the Bruces; and that a constructive trust should be imposed on the funds in their favor.

The issues before us are whether the disputed funds were part of the Bruces' bankruptcy estate and therefore outside the jurisdiction of the trial court, or whether, in the event the trial court had jurisdiction over the dispute, it had sufficient evidence before it to determine who was entitled to the funds.

■ The Bankruptcy Act describes the bankruptcy estate as being composed of "all legal or equitable interests *of the debtor* in property as of the commencement of the case." 11 U.S.C. § 541(a) (1978) (emphasis added); *see Rinden v. Hicks*, 119 N.H. 811, 813, 408 A.2d 417, 418 (1978); *State v. Ingalls*, 105 N.H. 244, 248, 197 A.2d 214, 217 (1964). Equitable interests not held by the bankrupt are excluded from the bankruptcy estate. 11 U.S.C. § 541(d) (1978); *see George v. Kitchens By Rice Bros., Inc.*, 665 F.2d 7, 8 (1st Cir. 1981). Therefore, the question of whether the Bruces had a sufficient property interest in the disputed funds to have them included in their bankruptcy estate depends upon whether their interest was limited by some equitable interests held by Grahame and Lynch. *See George v. Kitchens By Rice Bros., Inc.*, 665 F.2d at 8. This

question must be answered according to State law. *State v. Ingalls*, 105 N.H. at 248, 197 A.2d at 217.

■ Under New Hampshire law, Grahame and Lynch were entitled to their real estate commission because they procured a purchaser who was willing and able to perform upon the terms proposed by the Bruces. *Allard & Geary v. Faro*, 122 N.H. 573, 576, 448 A.2d 377, 379 (1982); *Roger Coleman Associates, Inc. v. Retsof Co. Trust*, 117 N.H. 81, 83, 369 A.2d 1143, 1144 (1977). The Bruces, therefore, had no equitable interest in the $3,420, and it should have been excluded from their bankruptcy estate under 11 U.S.C. § 541(d) (1978).

■■ We conclude that general equity principles support imposition of a constructive trust upon the funds in favor of Grahame and Lynch. *See Milne v. Burlington Homes, Inc.*, 117 N.H. 813, 816, 379 A.2d 198, 199–200 (1977). Although the trial judge had jurisdiction over the funds, it appears that he received no evidence as to the sums to which each of the realtors was entitled. Accordingly, this case must be remanded for determination of the sums to which Grahame and Lynch, respectively, are entitled.

*Affirmed in part; reversed in part; remanded.*

BOIS, J., concurred in the result; the others concurred.