In re Denis DUBUQUE, Debtor.

**U-HAUL OF NH AND VT, INC., Plaintiff,**

v.

**Denis DUBUQUE, Defendant.**

Bankruptcy No. 84–57.
Adv. No. 74–50.

United States Bankruptcy Court,
D. New Hampshire.

Feb. 6, 1985.

Charles Meade, Manchester, N.H., for plaintiff.

S. David Siff, Concord, N.H., for defendant/debtor.

## MEMORANDUM OPINION

JAMES E. YACOS, Bankruptcy Judge.

This case is before the court upon the plaintiff's "Motion for Judgment On The Pleadings Or For Summary Judgment" regarding its complaint seeking a determination that a debt in the amount of $1,091.94 owing to it by the debtor is nondischargeable under § 523 of the Bankruptcy Code.

After reviewing the pleadings and the record in this case the court finds that no

material issue of fact remains and that the matter is appropriate for summary judgment.

Prior to filing his Chapter 7 bankruptcy Petition on February 10, 1984, the debtor Denis Dubuque was an employee of the plaintiff and absconded with over $4,000.00 from his place of employment, leaving the State of New Hampshire for a time. The debtor pled guilty to, and was convicted, of the crime of "Theft By Unauthorized Taking Or Transfer" under RSA 637:3 of the New Hampshire Criminal Code. The debtor was sentenced to make restitution through New Hampshire probation procedures pursuant to RSA 651:3 and at the time of bankruptcy his restitution payments left the balance of $1,091.94 previously mentioned.

The plaintiff relies on several subsections of Bankruptcy Code § 523 in support of its objection to dischargeability of the debt. For purposes of this decision, it is sufficient to refer only to § 523(a)(4) which provides as follows:

A discharge under § 727, 1141 or 1328(b) of this title does not discharge an individual debtor from any debt.... (4) for fraud or defalcation while acting in a fiduciary capacity, embezzlement, or larceny....

Prior to the 1978 Bankruptcy Code, the applicable dischargeability statute was § 17 of the prior Bankruptcy Act, which had no separate provision relating to larceny but only had general exceptions under 17(a)(2) and (a)(8) excepting from discharge "liabilities ... for willful and malicious conversion of the property of another" and "liabilities for willful and malicious injuries to the person or property of another". The only reference to "embezzlement" in the prior statute appeared in § 17(a)(4), which excepted from discharge liabilities "created by ... fraud, embezzlement, misappropriation or defalcation while acting as an officer or in any fiduciary capacity."

The 1978 statutory changes for the first time clearly established larceny and embezzlement as separate nondischargeability grounds. Moreover, these grounds were no longer tied to the fiduciary situation covered by § 17(a)(4) and no longer were subject to the specific "willful and malicious" requirements of § 17(a)(2) and (a)(8). The 1978 legislation was noted as being "a significant revision of the repealed section 17(a)(4) to make larceny a separate ground for the exception of a debt from the effect of the discharge...." *In re Williams* 7 B.C.D. 45 (W.D.Va.1980).

The debtor argues in the present case that his pleading guilty to the crime of theft does not mandate a finding of nondischargeability since he contends that the New Hampshire statutes permit conviction of this crime on the basis of simple "reckless" conduct. *See RSA 626:2(II–c).* However, this argument is legally defective under the New Hampshire statutes in that RSA 626:2(I) provides generally that a person is guilty of a crime under the New Hampshire statutes "if he acts purposely, knowingly, recklessly or negligently, as the law may require" with regard to each material element of the offense. RSA 637:3 then defines the crime of theft to include a purposive intent as follows:

I. A person commits theft if he obtains or exercises unauthorized control over the property of another with a purpose to deprive him thereof.

II. As used in this section and RSA 637:4 and 5; "obtain or exercise unauthorized control" includes but is not necessarily limited to conduct heretofore defined or known as common law larceny by trespassory taking, larceny by conversion, larceny by bailee, and embezzlement.

The language "purpose to deprive" is further specifically defined in RSA 637:2 to mean that the defendant "have the conscious object ... to withhold property permanently or for so extended a period or to use under such circumstances that a substantial portion of its economic value, or of the use and benefit thereof, would be lost; or ... to dispose of the property under circumstances that make it unlikely that the owner will recover it."

The debtor's argument that he was convicted under a statute that permit-

ted conviction simply for "reckless" conduct, and that in an evidentuary hearing he could show that he was intoxicated at the time to the extent that his conduct could only meet the "reckless" standard, is legally insufficient and immaterial since the crime in question does require the showing of a purposive intent, as indicated by the above-quoted statutory provisions.

Even if it were assumed for purposes of argument that the debtor could have been, and was, convicted under a simple "reckless conduct" standard, the fact remains that the debt in question did result from a larceny and/or embezzlement as defined by the applicable law. A debt arising in the course of such a crime is a nondischargeable debt by definition under the new Bankruptcy Code. Cf. *Matter of Poss*, 23 B.R. 487 (E.D.Wisc.1982).

Accordingly, it does not follow that a material issue for relitigation in this court is presented. The new bankruptcy statute no longer ties the concepts of larceny and embezzlement to a specific "willful and malicious" intent as a necessary element for determination of nondischargeability under either of those grounds.

Earlier treatise and case references to a specific intent being required under these grounds for nondischargeability no longer apply. Congress in effect in the new statute has incorporated state-defined crimes as grounds for denying bankruptcy discharge of the resulting debts. The court notes that in the recent 1984 bankruptcy legislation Congress saw fit to add as ground of nondischargeability, under new § 523(a)(9), liabilities resulting from the operation of a motor vehicle while legally intoxicated. It therefore does not appear unlikely that congressional intent would include nondischargeability of the crimes of larceny and embezzlement even though those crimes might be defined by the applicable local law as including "reckless-intoxicated" conduct.

■ The court is mindful that the doctrine of res judicata does not apply to dischargeability questions in the bankruptcy court and that the state court conviction by itself does not necessarily require a determination of nondischargeability. See *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1979). The Supreme Court recognized however that the bankruptcy court *may* apply the collateral estoppel doctrine if the state court record warrants it. See 442 U.S. at 139 n. 10, 99 S.Ct. at 2213 n. 10. The subsequent development and application of the collateral estoppel doctrine in this context is well summarized in *In re Dohm*, 19 B.R. 134, 6 C.B.C.2d 577 (N.D.Ill.1982).

■ On balance, the court concludes in the present case that the doctrine of collateral estoppel should be applied and the debtor held to the admissions he voluntarily made when he pled guilty to the crime charged. That being the case the debt in question is hereby determined to be nondischargeable pursuant to § 523(a)(4) of the Bankruptcy Code.

Plaintiff shall submit a final judgment for entry in this adversary proceeding within one week of the date of this opinion.