Brown & Nixon by Leslie C. Nixon, Manchester, N.H., for defendants.

Victor W. **DAHAR**, Trustee in Bankruptcy for Paul and Jacqueline Guay

v.

William A. **BIRON**; Amoskeag Savings Bank.

Civ. No. 83–560–D.

United States District Court, D. New Hampshire.

April 9, 1986.

### ORDER

DEVINE, Chief Judge.

This bankruptcy appeal challenges a ruling of the (then) bankruptcy judge (Honorable Joseph J. Betley) which refused to accord preclusive effect to a state court judgment. At issue are the property rights to a certain diamond ring. The apparent facts [1] are as follows.

The state court action was commenced in the Superior Court of Hillsborough County by writ returnable in February of 1982. Appellants, William A. Biron and others ("Biron"),[2] claimed therein that the (subsequently declared) bankrupts, Paul and Jacqueline Guay, were wrongfully withholding certain items of personal property belonging to Biron, including the diamond ring. The relief sought was by medium of money damages, and failing the filing of an appearance in behalf of the Guays, a default judgment was entered under date of May 24, 1982.

On June 29, 1982,[3] the Guays filed their voluntary petition in bankruptcy. The dia-

1. The Court has not been furnished with either certified copies of the state court rulings or copies of any pleadings filed by the Trustee. Its attempts to glean facts are based solely on the documents filed by counsel in behalf of the appellants, William A. Biron, et al.

2. As used hereafter in the body of this Order, the term "Biron" refers collectively to all of the appellants.

3. The date of "June 29, 1982" is taken from page 2 of the application for leave to appeal filed in behalf of Biron. In passing, however, the Court notes that what appears to be a copy of the Biron answer to the Trustee's pleadings (p. 4, ¶ 21), refers to a date of filing of July 16, 1982.

mond ring was not listed as an asset in said petition, but the petition did indicate that among "property held for another person" was certain personal property belonging to others contained in a safe deposit box. Biron alleges that such property included the diamond ring at issue. On June 30, 1982, Biron filed a motion to compel return of the contents of the safe deposit box, and at this point the Guays objected through their counsel under date of July 8, 1982.

On August 2, 1982, Biron filed a complaint in bankruptcy court requesting lifting of the automatic stay, and this request was granted by order of the bankruptcy court under date of September 27, 1982. This latter order also directed that certain undisputed items in the safe deposit box should be returned to their owners.

On September 2, 1982, Biron moved to amend the state court writ to add a count in equity and to request the imposition of a constructive trust upon the items in the safe deposit box. The motion was granted with respect to adding the count in equity under date of November 9, 1982, and on January 12, 1983, Biron, again in state court, filed a petition for specific relief and seeking to charge Trustee. The order entered on this state court motion under date of March 10, 1983, contained an indication that there was no dispute of items listed, and the petition should be returned to the appellants with the exception of the diamond ring, and the state court went on to rule that the appellants had title to the diamond ring by reason of the prior default judgment.

Thereafter,[4] the Trustee apparently filed his complaint in the bankruptcy court seeking *ex parte* injunction and award of the diamond ring to the bankruptcy estate. On July 13, 1983, Biron filed a motion for judgment on the pleadings, a hearing was held thereon on August 16, 1983, and the motion was then denied.[5]

Of decided utility in many legal contexts, the doctrine of *res judicata* is of limited scope of application in bankruptcy proceedings. *Brown v. Felsen*, 442 U.S. 127, 99 S.Ct. 2205, 60 L.Ed.2d 767 (1969); *In Re Dubuque*, 46 B.R. 156 (Bankr.N.H.1985); *In Re Daley*, 776 F.2d 834 (9th Cir.1985); *Matter of Allman*, 735 F.2d 863 (5th Cir.), *cert. denied*, 469 U.S. 1086, 105 S.Ct. 590, 83 L.Ed.2d 700 (1984); *Matter of Poston*, 735 F.2d 866 (5th Cir.), *cert. denied*, 469 U.S. 1086, 105 S.Ct. 591, 83 L.Ed.2d 700 (1984); *Matter of Schuler*, 722 F.2d 1253 (5th Cir.), *cert. denied*, 469 U.S. 817, 105 S.Ct. 85, 83 L.Ed.2d 32 (1984). While a bankruptcy court may apply the doctrine of collateral estoppel, *In Re Dubuque, supra*, it is here clear that the instant litigation is one wherein the bankruptcy judge was fully justified in ruling that the issue of property rights to the diamond ring was one to be decided in his court.

It is to be borne in mind that one of the primary purposes of the Bankruptcy Code is to afford debtors a new opportunity and a clear chance for the future, unhampered by pressures of debts from the past. *Brown v. Felsen, supra; Local Loan Company, v. Hunt*, 292 U.S. 234, 244, 54 S.Ct. 695, 699, 78 L.Ed. 1230 (1934). Accordingly, the Code, 11 U.S.C. § 541(a)(1) provides that all interests of the debtor in personal property, wherever located, as of the commencement of the case become property of the estate. 4 *Collier on Bankruptcy* ¶ 54.108[1], p. 541-39 (1983). And restrictions on transfer of such interests are limited, 11 U.S.C. § 541(c)(1), it being almost the universal rule that a mere entry of judgment does not create a lien. *Collier, op. cit., supra* ¶ 547.12, p. 547-52 (1985).

While most of the decisions limiting the application of preclusion of prior state court judgments deal with dischargeabili-

---

4. As hereinabove indicated (n. 1, *supra*), the Court has not been furnished with a copy of the Trustee's pleadings, and therefore has no indication as to the date upon which such pleadings were filed.

5. The handwritten order of Judge Betley entered on August 16, 1983, states: "Motion denied. Ownership of diamond ring to be determined by this court."

ty,[6] there are other cases which by analogy find the doctrine equally applicable. *In Re Gomes,* 19 B.R. 9 (Bankr.R.I.1982) (issue of fees awarded in state court receivership may be reviewed and such award diminished in subsequent bankruptcy proceeding).

In sum, therefore, the appeal herein must be dismissed, and the order of the bankruptcy court determining that it was for such court to decide the ownership of the ring at issue is herewith affirmed. The case is remanded to the bankruptcy court for further relevant proceedings.[7]

SO ORDERED.

---

**6.** It is unclear here whether or not an issue of dischargeability exists. Review of Biron's answer to the Trustee's pleading indicates that there is such a dispute (see ¶ 6, p. 2, of said answer).

**7.** This Order does nothing more than remand the matter to the bankruptcy court for a decision on the ownership of the diamond ring. The property interest of the respective parties is, of course, a matter to be decided under state law. *Strafford Savings Bank v. Bruce,* 122 N.H. 557, 448 A.2d 373 (1982).