In re Peter R. BEATRICE, Jr., Debtor.

Peter R. Beatrice, Jr.,
Defendant/Appellant,

v.

Joseph Braunstein, Chapter
7 Trustee, Appellee.

In re Peter R. Beatrice, Jr., Debtor.

Peter R. Beatrice, III, Gregory V. Beatrice, Thomas E. Beatrice, John M. Beatrice, and Elise Beatrice Budd, As Beneficiaries of the BJM Realty Trust, Appellants,

v.

Joseph Braunstein, Chapter
7 Trustee, Appellee.

BAP Nos. MB 02–019, MB 02–020.
Bankruptcy No. 00–11622–JNF.
Adversary No. 01–1255.

United States Bankruptcy Appellate Panel
of the First Circuit.

May 7, 2003.

Thomas E. Beatrice, Swampscott, MA, Steven J. Marullo, Boston, MA, on brief for Appellants.

Michael H. Theodore, Riemer & Braunstein, LLP, Boston, MA, on brief for Appellee.

Before LAMOUTTE, VAUGHN, and CARLO, U.S. Bankruptcy Appellate Panel Judges.

PER CURIAM.

The issues before the Panel are whether the bankruptcy court erred in granting summary judgment to Joseph Braunstein, the Chapter 7 Trustee ("Chapter 7 Trustee") and denying summary judgment to the debtor, finding that a trust established by the debtor for the benefit of his children, pursuant to which he retains the power to terminate the trust and to add or eliminate beneficiaries, is property of his bankruptcy estate; and whether the bankruptcy court erred in striking the affidavit filed by the beneficiaries in support of

their motion for summary judgment, finding that it violates the parole evidence rule.

## Jurisdiction and Standard of Review

The United States Bankruptcy Appellate Panel for the First Circuit ("the Panel") has jurisdiction over this appeal pursuant to 28 U.S.C. §§ 158(a) and (b). The Panel reviews rulings of law *de novo* and findings of fact for clear error. *Brandt v. Repco Printers & Lithographics, Inc. (In re Healthco Int'l, Inc.)*, 132 F.3d 104, 107–08 (1st Cir.1997); *Jeffrey v. Desmond*, 70 F.3d 183, 185 (1st Cir.1995). The bankruptcy court's grant of summary judgment, as well as its determination that there are no issues of material fact in dispute, are reviewed *de novo*. *McCrory v. Spigel (In re Spigel)*, 260 F.3d 27, 31 (1st Cir.2001); *Campana v. Pilavis (In re Pilavis)*, 244 B.R. 173, 174 (1st Cir. BAP 2000).

## Background

On November 10, 1989, the debtor, Peter R. Beatrice, Jr., an attorney at law, established the BJM Realty Trust ("the trust"), deeding the property located at 39 Salem Street, Swampscott, Massachusetts to himself as sole trustee of the trust pursuant to state law. The stated beneficiaries of the trust are the debtor's five children, who are all of legal age. The debtor has resided alone in the house, which is a single-family residence, since the trust was created in 1989. His grown children, the beneficiaries, now reside elsewhere, but visit the home occasionally for family and recreational purposes. The debtor does not pay rent for living in the home, but does pay the property expenses, including maintenance and taxes. The trust does not file income tax returns.

The trust provides, in part, that the trustee "shall have full power and absolute power to sell the said real estate or any portion thereof at public or private sale, without the necessity of applying to any beneficiary or other person for authority to do so"; "shall have the power to borrow money and as security therefore to mortgage the whole or any part of the trust property by any form of mortgage"; "shall determine whether and to what extent and at what time and places, and under what terms and conditions and regulations the accounts and books of the Trust shall be opened to the inspection of the beneficiaries, and the beneficiaries shall not have any right to inspect any account or books or documents of the Trust except as authorized by the Trustee"; and that "the donor shall have the right to add beneficiaries to this Trust and eliminate any name beneficiaries from sharing in this trust." *See* Trust, Appellant's App. at # 21.

The debtor filed a petition for relief under Chapter 7 of the Bankruptcy Code on March 8, 2000. The debtor converted his case to Chapter 11 on May 16, 2000, and on April 19, 2001, it was reconverted to Chapter 7.

On June 28, 2001, the Chapter 7 Trustee filed a complaint commencing the adversary proceeding at issue herein, seeking a declaration that the real property is property of the bankruptcy estate pursuant to 11 U.S.C. § 541(a) or, in the alternative, that the debtor's power to appoint himself as a beneficiary can be reached and applied by the Chapter 7 Trustee.[1] The debtor answered the complaint, while the beneficiaries filed a motion to intervene in the proceedings and, subsequently, an answer to the complaint and counterclaims.

The Chapter 7 Trustee filed a motion for summary judgment on January 15, 2002, arguing that there were no material issues of fact and that he was entitled to judg-

---

1. *See* Mass. Gen. Laws ch. 214, § 3.

ment as a matter of law based upon the terms of the trust. The Chapter 7 Trustee argued that the real estate is property of the bankruptcy estate because the trust instrument allows the donor—the debtor— to revoke the trust or amend its beneficiaries at any time. In the alternative, the Chapter 7 Trustee argued that the trust is a sham to put the property beyond the reach of debtor's creditors. The Chapter 7 Trustee further argued the debtor's power to appoint himself as a beneficiary can be reached and applied by the Chapter 7 Trustee to make the real estate property of the estate.

The debtor and the beneficiaries both opposed the motion for summary judgment. The beneficiaries also filed a cross-motion for summary judgment. The parties argued that the trust document contains no language about revocation; rather, it contains a termination clause, which is distinct. The debtor further argued that the BJM Realty Trust is exactly the same as the JMB Realty Trust, created in 1969, with the exception that one of the co-trustees of the original trust—Joan M. Beatrice (who was the wife of the debtor and the mother of the beneficiaries) died in 1986. According to debtor, there was an agreement between himself and the beneficiaries to terminate the JMB Realty Trust and create the BJM Realty Trust on November 10, 1989, in order to refinance the real property and withdraw some of the equity value of the property for educational and other expenses of the beneficiaries. The beneficiaries argue that the right to terminate the trust, or to add or delete beneficiaries, does not amount to complete power or domain over the trust, and that the property was originally placed in trust thirty years before the emergence of the current debts. According to the beneficiaries, the power to revoke a trust is a necessary element in order to find that the trust property may be considered part of the debtor's estate, and the trust at issue herein contains no such power to revoke.

The beneficiaries accompanied their cross-motion with an affidavit signed by three of the beneficiaries. Subsequently, beneficiary Thomas Beatrice filed two additional affidavits. The Chapter 7 Trustee filed a motion to strike the beneficiaries' affidavit and an opposition to their cross-motion for summary judgment. The Chapter 7 Trustee argued that since the beneficiaries do not have personal knowledge of the facts alleged in their affidavit, because other facts asserted constitute inadmissible "totem-pole" hearsay, and because other averments they made are actually conclusions of law, the same would not be admissible at trial and therefore should be stricken and not considered on summary judgment. The Chapter 7 Trustee further argued that whether the real estate at issue is property of the debtor's estate is determined by the trust itself, not by the intent of the debtor or its beneficiaries. The Chapter 7 Trustee also argued that there is no distinction between the effect of revocation and termination of the trust, because in either case the trust reverts back to the debtor, and that in the trust at issue, the beneficiaries are entitled to their shares only upon the death of the trustee (the debtor). The beneficiaries filed an opposition to the motion to strike.

The bankruptcy court entered a memorandum and order on April 18, 2002, striking the beneficiaries' affidavit in support of their motion, granting the Chapter 7 Trustee's amended motion for summary judgment as to counts I through III,[2] de-

---

**2.** Count I of the complaint seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that the real property is property of the estate pursuant to 11 U.S.C. § 541(a); count II of the complaint seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that the trust is

nying count IV of the complaint for lack of evidence, denying the beneficiaries' cross-motion for summary judgment, and dismissing the beneficiaries' counterclaim for failure to state a cause of action. *See* Appellant's App. at # 14.

The debtor and the beneficiaries each filed a notice of appeal on April 29, 2002, and the cases were assigned BAP Nos. 02–19 and 02–20, respectively. Subsequently, the Chapter 7 Trustee filed a motion to dismiss count IV of his complaint and requested entry of final judgment, which was entered on June 18, 2002. The beneficiaries filed a motion for leave to amend their notice of appeal on May 30, 2002, to specify that they were also appealing the bankruptcy court's decision to strike their affidavit. On July 24, 2002, they filed a motion to enlarge the time to file a notice of appeal, which was opposed by the Chapter 7 Trustee. The Panel (de Jesús, J.) entered an order on August 27, 2002, finding that the bankruptcy court's April 18, 2002 order was final, making the motion to enlarge time moot. The Panel also found that the original notice of appeal encompassed the bankruptcy court's entire April 18, 2002 order, so the motion for leave to amend was unnecessary. Finally, the Panel consolidated the two appeals for briefing and argument.

## Discussion

The beneficiaries' main arguments on appeal are that the bankruptcy court erroneously applied the summary judgment standard because it did not take the pleadings in the light most favorable to the party opposing summary judgment and ignored genuine issues of material fact; the

a sham, and therefore property held in trust is property of the estate pursuant to 11 U.S.C. § 541; and count III of the complaint seeks a declaratory judgment pursuant to 28 U.S.C. § 2201 that the debtor's power to appoint himself as beneficiary can be reached and

bankruptcy court erred in finding that the property was part of the debtor's estate; and the bankruptcy court erred in striking the beneficiaries' affidavit and giving no weight to the affidavit of beneficiary/attorney Thomas Beatrice.

The bankruptcy court may enter summary judgment if the pleadings, depositions, answers to interrogatories and admissions on file, together with any affidavits, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. *See* Fed. R.Civ.P. 56(c); Fed. R. Bankr.P. 7056(c). It is generally stated that, in entering summary judgment, the court should draw all reasonable inferences from the facts in the manner most favorable to the nonmovant. *Desmond v. Varrasso (In re Varrasso),* 37 F.3d 760, 763 (1st Cir.1994); *Piccicuto v. Dwyer,* 39 F.3d 37, 40 (1st Cir.1994). In fact, it appears from the bankruptcy court's opinion that it did consider the beneficiaries' allegations of fact, it just found that they were not genuine issues of material fact relevant to the determination before the court or sufficient to bar the entry of summary judgment as requested by the Chapter 7 trustee. The bankruptcy court's opinion examines in great detail the factual allegations of the debtor and the beneficiaries. *See* Memorandum, App. at # 14. The bankruptcy court also sets forth the express terms of the trust, and concludes that in ruling on the motions for summary judgment it will only consider the debtor's admissions and the trust document, noting that the debtor

applied by the Chapter 7 Trustee pursuant to Mass. Gen. Laws ch. 214, § 3, or is otherwise property of the estate pursuant to 11 U.S.C. § 541. Count IV sought all monies received ·from the debtor for the payment of various expenses of the property from 1995 to date.

and beneficiaries' interpretation of the trust language cannot alter its unambiguous terms. *Id.*

The beneficiaries argue that the bankruptcy court erred in finding the residence to be property of the debtor's estate. In so doing, the beneficiaries mistakenly focus on the purported difference between revocation of a trust and termination of a trust. In their brief, the beneficiaries/appellants argue that since the trust herein does not reserve a power of revocation to the debtor/trustee, and does not even mention the powers and duties of the trustee, but rather only provides for the debtor/trustee's right to terminate the trust, the debtor/trustee herein has been afforded a lesser power over the trust than that seen in the cases cited by the bankruptcy court, and, therefore, the trust property may not be considered property of the estate.

Section 541(a)(1) of the Bankruptcy Code provides that the commencement of a case under the Bankruptcy Code creates an estate which is comprised of "all legal or equitable interests of the debtor in property as of the commencement of the case." "Particular rules apply to property held in trust by or for the debtor." 5 Lawrence P. King, et al., *Collier on Bankruptcy* ¶ 541.11 (15th ed. rev'd.2003). "When property of the estate is alleged to be held in trust, the burden rests upon the claimant to establish the original trust relationship; he must prove title and identify the trust fund or property and, where the fund or property has been mingled with the general property of the debtor, the claimant must sufficiently trace the property." *Id.*

The bankruptcy court examined the express language of the Declaration of Trust and found that the powers vested in the debtor as trustee compel the conclusion that the real estate is property of the estate pursuant to 11 U.S.C. § 541(a)(1). In so concluding, the bankruptcy court relied upon *Markham v. Fay,* 74 F.3d 1347 (1st Cir.1996); *Wolfe v. Wolfe,* 21 Mass. App.Ct. 254, 486 N.E.2d 747 (1985); *ITT Comm. Fin. Corp. v. Stockdale,* 25 Mass. App.Ct. 986, 521 N.E.2d 417 (1988); and *State Street Bank and Trust Co. v. Reiser,* 7 Mass.App.Ct. 633, 389 N.E.2d 768 (1979). The bankruptcy court first noted that it must look to state law in defining the scope and existence of a property interest under § 541, citing *In re Eastmare Dev. Corp.,* 150 B.R. 495 (Bankr.D.Mass.1993), and *McNeilly v. Geremia (In re McNeilly),* 249 B.R. 576 (1st Cir. BAP 2000). The bankruptcy court then examined *Fay,* concluding that its analysis is applicable to the facts of this case because in both cases the debtor retained broad powers to control the trust, including the ability to distribute income in his sole discretion, add or eliminate beneficiaries, and terminate the trust. The bankruptcy court further found that the beneficiaries' interest had not vested because the trustee had the power to eliminate their interest at any time. The bankruptcy court rejected the beneficiaries' attempt to distinguish between revocation of a trust and termination of a trust as an elevation of form over substance, noting that if the debtor terminates the trust, the effect is the same as revocation—the property reverts to him. The bankruptcy court also found that the beneficiaries' rights are severely limited by the trust. Further, the bankruptcy court noted that the debtor retained incidents of property ownership, including residence, maintenance and taxes.

The beneficiaries distinguish the cases relied upon by the bankruptcy court, arguing that they all involve trusts with broad powers to "alter, amend or revoke" not present in the trust at issue herein. However, the bankruptcy court found, and this Panel agrees, that the trust in this case contains such broad powers to alter,

amend or revoke the trust, despite the fact that it does not contain the specific words claimed necessary by the beneficiaries. For example, the trust allows the debtor full and absolute power to sell or mortgage the real estate, to add and eliminate beneficiaries, and to terminate the trust.

The Panel agrees with the sound reasoning of the bankruptcy court and its conclusion that "the powers vested in the Debtor as trustee compel the conclusion that the Trust *res,* i.e., the property located at 38 Salem Street, Swampscott, Massachusetts, is property of the Debtor's estate under 11 U.S.C. § 541(a)(1)." *See* Memorandum, Appellant's App. at #14, p. 13. What is important is not whether the trustee has the power to revoke or terminate, or the precise language used in the trust document at issue to convey those concepts, but rather that the trust bestowed upon the trustee broad powers to modify the trust— including full and absolute power to sell the real estate, power to pledge the property to secure his personal debt, and power to add and eliminate beneficiaries at any time. The trust document need not use the specific term(s) "revoke" or "terminate" in order for the court to find that the trustee retained sufficient control over the trust res to make it property of the estate pursuant to 11 U.S.C. § 541(a).

Although the trust herein may not specifically contain language using the term "revocation," it does state in paragraph 13 that "[t]he donor may at any time or from time to time terminate in whole or in part this trust hereby created." *See* Declaration of Trust, App. at #21. A "revocable trust" is defined as "a trust in which the settlor reserves the right to terminate the trust and recover the trust property and any undistributed income." Black's Law Dictionary 1518 (7th ed.1999). In this case, the debtor is both the settlor and the trustee. Further, the beneficiaries mischaracterize the Declaration of Trust when they state that it "does not even mention the powers and duties of the trustee" and only provides for the termination of the trust; as detailed above, the trust reserves a variety of powers and duties to the trustee, including the ability to sell or mortgage the real estate and change the beneficiaries.

The beneficiaries have not provided any legal basis for their distinction between revocation and termination of a trust, other than the definition of those terms found in Black's Law Dictionary.[3] While those two terms may have distinct legal definitions, a review by the Panel reveals that they are used interchangeably within the realm of trust law. *See, e.g.,* Restatement (Second) of Law of Trusts, Chapter 10, §§ 330, 331 (1959) and Restatement (Third) of the Law of Trusts, Part 5, Chapter 13, § 63 (Tentative Draft No. 3, 2001), regarding the modification and termination of trusts. Specifically, the term "revocation" is used while referring to the powers of settlors, while "termination" is used while referring to the powers of trustees, beneficiaries and third parties. In fact, this would indicate that any distinction between "revocation" and "termination" is further blurred when, as here, the settlor and trustee are the same person.

With regard to the motion to strike the affidavit filed by the beneficiaries in support of their motion for summary judgment, the bankruptcy court agreed with the Chapter 7 Trustee that the rules of civil procedure require that evidence submitted in support of an opposition to a motion for summary judgment should be admissible at trial, and the affidavit would not be admissible because it is based upon

---

**3.** "Revocation" is defined as "an annulment, cancellation, or reversal, usually of an act or power." Black's Law Dictionary 1321 (7th ed.1999). "Termination" is defined as "the act of ending something." *Id.* at 1482.

statements of unidentified persons and the terms of an alleged agreement among the beneficiaries. However, the bankruptcy court also noted that the affidavit should be stricken because it violates the parole evidence rule, pursuant to which the beneficiaries' understanding of the trust is irrelevant to the bankruptcy court's interpretation of the unambiguous terms of the trust. The bankruptcy court cites *Kerwin v. Donaghy*, 317 Mass. 559, 59 N.E.2d 299 (1945), for the proposition that if there is a written instrument, absent an allegation of fraud, duress or mistake, extrinsic evidence is not admissible to contradict it.

The Panel has reviewed the affidavit and, in light of the bankruptcy court's conclusions, finds that its decision to exclude the affidavit pursuant to the parole evidence rule is not material to its determination to enter summary judgment for the Chapter 7 Trustee and find the property to be property of the estate.

In conclusion, the Panel affirms the rulings of the bankruptcy court.