Zimmerman, J.
 

 It is maintained by tbe plaintiff that the judgment of the Court of Appeals should be reversed for two reasons: First, because the trust is absolutely void, being a mere agency agreement, and, second, conceding its general validity, it cannot be supported as against the subsequent creditors of the settlor, who can compel revocation, and subject the trust
 
 corpus
 
 to the payment of the settlor’s debts by virtue of Section 8617, General Code. We shall discuss these contentions in the order stated.
 

 The trust agreement in issue may properly be regarded as standard in form, possessing a number of features similar to the agreements considered in the cases of
 
 Union Trust Co. v. Hawkins, Admr.,
 
 121 Ohio St., 159, 167 N. E., 389, 73 A. L. R., 190, and
 
 Cleveland Trust Co., Trustee,
 
 v.
 
 White,
 
 134 Ohio St., 1, 15 N. E. (2d), 627, 118 A. L. R., 475. Its provisions are broad and the instrument is so drawn as to cover various forms of property which from time to time might be placed within its operation.
 

 It is shown by the record that in 1925 the real property involved was conveyed to the trustee for inclusion in the trust. The deed evidencing the present transfer of the property was' delivered and immediately placed on record, open thereafter to public scrutiny. All this was done at a time when the settlor was solvent and owed the plaintiff nothing. A lack of honesty of purpose on the part of the settlor and trustee in erecting an apparent trust structure is not shown. The former never attempted to exercise the reserved power of revocation, and title remained in the trustee until the death of the settlor in 1936. True, the settlor made use of the property, and the trustee had little or nothing to do with its management; but
 
 *332
 
 such a situation is not conclusively incompatible with/ the establishment of a trust if there was a
 
 bona fide
 
 intention to create a trust and title passed to the trustee pursuant to such intention.
 

 Under all the circumstances disclosed by the record in this case, a majority of the members of the court is unwilling to hold'that the Court of Appeals was wrong in its determination that a valid trust existed within the principles announced in the case of
 
 Cleveland Trust Co.
 
 v.
 
 White, supra.
 

 We come now to the question of the validity of the trust as against subsequent creditors of the settlor. While the decisions in various1 jurisdictions are conflicting, as will be noted from a perusal of the annotation in 93 A. L. It., beginning at page 1211, it has consistently been held by the courts of Ohio that a transfer of property by one who is solvent will not be set aside as to subsequent creditors' unless there is proof of actual intent to defraud such creditors; and the burden of showing such intent is on the party asserting it. 19 Ohio Jurisprudence, 714, Section 34, and page 760, Section 85. The rationale of the rule is that future creditors give credit to their debtor on the basis of what he has', and not on the basis of what he once had.
 
 Crumbaugh
 
 v.
 
 Kugler,
 
 2 Ohio St., 373, 379.
 

 In 1 Perry on Trusts and Trustees (7 Ed.), at pages 116 and 117, Section 96, the following statements are made:
 

 “Voluntary conveyances or declarations of trusts are subject to the general rules as to fraud upon creditors. If they are made with actual intent to hinder, delay or defraud either prior or subsequent creditors of the settlor, they are voidable by such creditors. As to subsequent creditors the fraudulent intent must be shown. The mere fact that there is a benefit for the settlor is not conclusive of fraudulent intent, even when the trust for the s'ettlor is secret. * * * A power of revocation in the settlor does not
 
 *333
 
 necessarily render the trust fraudulent, and creditors of the settlor cannot compel its exercise for their benefit. ’ ’
 

 The rule announced in the last sentence of the foregoing quotation has received special approval in oases where the trust instrument makes provision for those who are closely related to the settlor by the ties of blood or marriage. See 92 A. L. R., annotation beginning at page 282.
 

 Having thus far discussed general rules, we are brought to a consideration of Section 8617, General Code, as effective .since 1921, which reads:
 

 “All deeds of gifts and conveyance of real or personal property made in trust for the exclusive use of the person or persons making the same shall be void and of no effect, but the creator of a trust may reserve to himself any use of power beneficial or in trust, which he mig'ht lawfully grant to another, including the power to alter, amend or revoke such trust, and such trust shall be valid as to all persons, except that any beneficial interest reserved to such creator shall be subject to be reached by the creditors of such creator, and except that where the creator of such trust reserves to himself for his own benefit a power of revocation, a court of equity, at the suit of any creditor or creditors of the creator, may compel the exercise of such power of revocation so reserved, to the same extent and under the same conditions that such creator could have exercised the same.”
 

 As we interpret the pertinent part of this section, giving the words employed their usual and ordinary sense, it means that the rights of creditors to reach the beneficial interest of the settlor — the interest he has retained for his own benefit including any returns or earnings from the trust property — and to force a revocation of the trust and subject the trust
 
 corpus
 
 to the payment of their claims, exists only during the lifetime of the s'ettlor. As worded, the statute compels no
 
 *334
 
 more than the exercise of a personal power reserved by the settlor, at the instance of his creditors. Obviously, such power, being personal, would terminate with his death.
 

 If it had been the intention of the General Assembly in amending Section 8617, General Code, to make a trust executed in accordance with its terms amenable to enforced revocation by creditors' both before and after the settlor’s demise, the amendment would not have qualified creditors’ rights as it does, but would have concluded with the words “and such trust shall be valid as to all persons
 
 except
 
 creditors.” In our opinion the statute is therefore inapplicable to creditors who do not act while the settlor is still alive.
 

 After the settlor’s death, if the trust was in reality fraudulent as to creditors, a remedy would doubtless be available to the administrator or the creditors to subject the trust property to the satisfaction of the settlor’s indebtedness. However, no fraud is asserted in the present case, nor is any discernible in the record before us.
 

 Cases have been cited from other jurisdictions to the effect that a conveyance or transfer of property in trust, in which the settlor reserves the power of revocation, does not affect the rights of any class of creditors, and they may bring action after the settlor’s death to have the trust property applied to the satisfaction of their claims. But the decisions in those cases were rendered under statutes containing express provisions that when a grantor in any conveyance reserves the power of revocation, he shall be deemed the absolute owner of. the estate conveyed as regards the rights of creditors and purchasers, or when a transfer of personal property is made in trust for the use of the person making it, it shall be void as against the existing or subsequent creditors of such person. See
 
 Alford
 
 v.
 
 Alford,
 
 96 Ala., 385, 11 So., 316;
 
 Schreyer
 
 v.
 
 Schreyer,
 
 101 App. Div., 456, 91 N. Y. Supp., 1065 (affirmed, 182
 
 *335
 
 N. Y., 555, 75 N. E., 1134);
 
 City Bank Farmers Trust Co.
 
 v.
 
 Miller,
 
 163 Misc., 459, 297 N. Y. Supp., 88.
 

 We find no merit in plaintiff’s argument that our interpretation of Section 8617, General Code, contravenes his rights under Section 16, Article I of the Constitution of Ohio, pertaining to redress in courts. He could obtain redress in court upon a petition alleging fraud, and supported on trial by the required degree and character of proof. Besides, plaintiff is hardly in a position to urge such a claim. Dr. Ehret’s indebtedness to him arose by reason of the monthly accrual of rent which was not paid. The defaults covered a period of nearly two years and no further indebtedness was incurred after May 1, 1936. Dr. Ehret’s death did not take place until nearly three months thereafter, and the trust deed was on record for plaintiff’s discovery from the year 1925.
 

 Finding the judgment of the Court of Appeals herein without error, the same is affirmed.
 

 Judgment affirmed.
 

 Day, Matthias and Hart, JJ., concur.
 

 Weygandt, C. J., Williams and Myers, JJ., dissent.