PRESTIGE VACATIONS, INC., Plaintiff,

v.

Tony KOZAK et al., Defendants.

No. C79–240.

United States District Court,
N. D. Ohio, E. D.

June 6, 1979.

Jeffrey R. Appelbaum, Thompson, Hine & Flory, Cleveland, Ohio, for plaintiff.

William H. Huber, Fairview Park, Ohio, for defendants.

### ORDER

BATTISTI, Chief Judge.

Plaintiff has moved for an order requiring Thrift Federal Savings and Loan to pay over to the Court pursuant to a writ of execution the funds on deposit in account number 050–00518. Defendant objects that the account is not subject to a writ of execution because the account is held by defendant Jeanne Kozak in trust for her daughter.[1] Plaintiff argues that the credi-

---

1. The funds in the account indicated on the reverse side of this instrument, together with earnings thereon, and any future additions thereto are conveyed to the trustee as indicated for the benefit of the beneficiary as indicated. The conditions of said trust are: (1) The trustee is authorized to hold, manage, pledge, invest and reinvest said funds in his sole discretion; (2) The undersigned grantor reserves the right to revoke said trust in part or in full at any time and any partial or complete withdrawal by the original trustee if he is the grantor shall be a revocation by the grantor to the extent of such withdrawal, but no other revocation shall be valid unless written notice is given to the institution named on the reverse side of this card; (3) In the event of the death, resignation, removal, or incompetence of said trustee_____

appointed successor trustee, and in the event of his death, resignation, removal or incompetence, _____ is appointed successor trustee, or in the event no successor trustee is named herein or the successor or successors die, resign, are removed, become incompetent, or fail to act, the institution named on the reverse side hereof is authorized to appoint a successor trustee, and such successor trustee shall have the powers of the original trustee; (4) This trust, subject to the right of revocation, shall continue for the life of the grantor and thereafter until the beneficiary is _____ years of age, or until his death if he dies before such age, and then the proceeds may be delivered by the institution to the beneficiary, or to his heirs, or to the trustee on his or their behalf, and if the age of the beneficiary is not specified this trust

tors are entitled by law to reach funds held in a discretionary revocable trust, over which defendant Jeanne Kozak has full dominion and control.

No Ohio court has ruled on the issue in question. Therefore, the common law must be surveyed to determine how an Ohio court would resolve this issue.

The type of trust created by defendant Jeanne Kozak, whether designated a savings account trust, "Totten" trust, or revocable inter vivos trust, is valid in Ohio, *In Re Estate of Hoffman*, 175 Ohio St. 363, 195 N.E.2d 106 (1963), and plaintiff does not contest its validity. Nevertheless, the fact that the trustee/grantor retains full control over the trust, including the power to revoke the trust completely establishes the right of creditors of the trustee to reach the funds on deposit in the trust. The Restatement Second of Trusts states that "creditors of a person who makes a savings deposit upon a tentative trust can reach his interest, since he has such extensive powers over the deposit as to justify treating him as in substance the unrestricted owner of the deposit." Restatement Second of Trusts, Section 58, comment d (1959). Another expert commentator agrees with the Restatement, writing:

> There is one type of trust as to which it is well settled that the creditors of the settlor can reach the trust property. This is the trust which arises where a person deposits money in a savings account in his name as trustee for another. . . .
> Since the depositor has complete control over the deposit during his lifetime . .
> he is treated as the owner insofar as his creditors are concerned. His creditors can reach the deposit while he is living
> . . .

*Scott on Trusts*, Sec. 33012, at p. 2617 (1967). The view of the Restatement and Scott has been accepted and applied by courts in other states. *E. g., Montgomery v. Michaels*, 54 Ill.2d 532, 301 N.E.2d 465 (1973).

Support for the right of creditors to reach the funds in the savings account trust is also found in Ohio Revised Code Sec. 1335.-01, which provides in pertinent part:

> All deeds of gifts and conveyances of real or personal property made in trust for the exclusive use of the person making the same are void, but the creator of a trust may reserve to himself any use of power, beneficial or in trust, which he might lawfully grant to another, including the power to alter, amend, or revoke such trust, and such trust is valid as to all persons, *except that any beneficial interest reserved to such creator may be reached by the creditors of such creator*, and except that where the creator of such trust reserves to himself for his own benefit a power of revocation, a court, at the suit of any creditor of the creator, may compel the exercise of such power of revocation so reserved, to the same extent and under the same conditions that such creator could have exercised the same.

In interpreting the predecessor statute to Section 1335.01, the Ohio Supreme Court opined:

> (I)t means that the rights of creditors to reach the beneficial interest of the settlor—the interest he has retained for his own benefit including any returns or earnings from the trust property—and to force a revocation of the trust and subject the trust corpus to the payment of their claims, exists only during the lifetime of the settlor.

*Schofield v. Cleveland Trust Co.*, 135 Ohio St. 328, 333, 21 N.E.2d 119, 122 (1929). Though the statute and interpretative case law are not directly applicable to the case at bar, they do indicate that the Ohio courts are in accord with the common law and would allow plaintiff to reach the funds in the savings account trust of which defendant Jeanne Kozak is trustee.

---

is for the twenty-one years; (5) The institution in which such funds are invested is authorized to pay the same or to act in any respect affecting said account before or after the termination of this trust upon the signature of the trustee

and he has no responsibility to follow the application of the funds. In this instrument the singular includes the plural and the masculine includes the feminine and the neuter.

IT IS THEREFORE ORDERED THAT Thrift Federal Savings and Loan pay to the Court the funds deposited in account number 050–00518 in the name of Jeanne Kozak as trustee for her daughter Christine Marie Kozak. After receipt of these funds, the Clerk of Court shall pay the sum to Jeffrey R. Appelbaum, attorney for plaintiff.

IT IS SO ORDERED.