ITT COMMERCIAL FINANCE CORP. *vs.* JAYNE STOCKDALE, trustee, & another.[1] No. 87-1003. April 13, 1988. *Guaranty. Trust,* Real estate trust, Trustee's powers, Trustee's authority. *Practice, Civil,* Summary judgment.

When he established the Romanek Realty Trust on August 30, 1982, Edward W. Romanek declared himself the sole trustee. He designated his

---

[1] Melanie Dumas, trustee.

children, Jayne Stockdale and Melanie Dumas, as the beneficiaries and as successor trustees. Upon Romanek's death the trust had outstanding a written guaranty in favor of ITT Commercial Finance Corp. (ITT) of obligations owed by Romanek, doing business as Oakwood Mobile Home Park. The mobile home park was located on land which was the major asset of the trust. Dumas and Stockdale, as successor trustees, resisted ITT's claim on the guaranty on the ground that Romanek, as trustee, had exceeded his powers in delivering the guaranty and that, indeed, the guaranty was outside the purpose of the trust as it was not in the interest of the beneficiaries. Judgment in the amount of $76,451.60, plus interest and attorney's fees, entered for ITT upon allowance of its motion for summary judgment. The trustees have appealed.

In several respects the settlor of the trust, Romanek, expressed the copious powers reserved to the trustee. So, for example, art. V provided that the trustee "shall have full power to deal [with the trust estate] as if he were the beneficial owner thereof. . . ." Among the many specific powers conferred by art. V, without limiting general powers granted, was authority "to enter into and execute . . . any other obligations, instruments or under-takings. . . ." Under art. V, subparagraph 18, the trustee could "construe any of the provisions of this Declaration of Trust, and . . . act on any such construction, and [the trustee's] construction of the same in any action taken in good faith pursuant thereto shall be final and conclusive on all parties in interest." By art. X the trustee could, from time to time, change the beneficiaries named in the trust and by art. XV, the settlor-trustee reserves the right to alter, amend, or revoke the trust instrument. Perhaps the most potent provision for purposes of this case, appeared in art. VII, paragraph 2, wherein it is declared that "[a]ny act . . . done by the Trustee, . . . shall, as to all persons dealing with such Trustee . . . be conclusively deemed to be within the purpose of his Declaration of Trust, and within the powers of the Trustee."

We recently considered language in a trust instrument similar to that last quoted, i.e., permitting persons dealing with the trustee to take his acts as conclusive evidence of lawful authority. See *Penta* v. *Concord Auto Auction, Inc.*, 24 Mass. App. Ct. 635, 639 (1987). In the *Penta* case, we held that a party dealing with a trust had no duty to inquire as to the trustee's authority but that the party dealing with the trust would be chargeable with actual knowledge of the trustee's lack of authority. *Id.* at 640-641. Here the record discloses no suggestion that ITT was aware of any reservation in the authority of the trustee. Indeed, there appears to have been no such reservation. To the contrary, the guaranty was delivered in aid of the credit of the settlor's business, Oakwood Mobile Home Park, which provided rental income for the trust. That ownership structure reflected a garden variety division of operating entity and land holding entity engaged in a common business venture. When persons choose to do business in trust form, take pains to give themselves maximum flexibility by granting themselves plenary

powers, and state to the world that it may conclude that they have exercised those powers lawfully, they are to be taken at their words, subject to the proviso discussed in the *Penta* case. The language in the pertinent articles of the Romanek Realty Trust was sufficient to insulate ITT from consequences of a possible breach of trust by the trustee.

In view of the settlor's power to amend and revoke the trust and to substitute beneficiaries, a power retained until death, summary judgment could also rest on the creditor's right to reach the trust property as if it had been the debtor's own. *State Street Bank & Trust Co.* v. *Reiser*, 7 Mass. App. Ct. 633, 636-639 (1979).

The judgment is to be modified by adding to it ITT's reasonable attorney's fees and costs incident to the appeal. As so modified, the judgment is affirmed.

*So ordered.*

*Josephine L. Veglia* for the defendants.
*Mark A. Stull* (*Gordon N. Schultz* with him) for the plaintiff.