In the Matter of the ESTATE OF Barbara NAGEL, Deceased.

Stephen J. PHILLIPS, Executor of the Estate of Barbara Nagel, Deceased, Appellee,

v.

Cal ROE, as Successor Trustee of the Malcom C. Roe Living Revocable Trust; and Cal Roe, as Successor Trustee of the Lenore J. Roe Living Revocable Trust, Appellant.

No. 96–2022.

Supreme Court of Iowa.

July 1, 1998.

R. Patrick Eich and Ronald F. Eich of the Eich Law Firm, P.C., Carroll, for appellant.

Thomas J. Levis and Stephanie L. Brick Drey of Brick, Gentry, Bowers, Swartz,

Stoltze, Schuling & Levis, P.C., Des Moines, for appellee.

Considered by McGIVERIN, C.J., and HARRIS, LAVORATO, SNELL, and ANDREASEN, JJ.

HARRIS, Justice.

A husband and wife placed their property in living revocable trusts. The settlors were killed simultaneously in an accident that precipitated a tort action brought by the estate of a third person, also killed in the accident. The question is whether trusts' assets can be reached by the tort plaintiff even though the settlors' deaths rendered the trusts irrevocable. The trial court determined the assets could be reached and we agree.

This case was submitted on stipulated facts. On November 10, 1995, a vehicle driven by Malcom Roe collided with another vehicle driven by Barbara Nagel. Malcom's wife, Lenore Roe, was also in the car with Malcom. All three died as a result of the accident.

The plaintiff, Steven J. Phillips, executor of Barbara's estate, investigated a possible claim for her wrongful death and discovered the assets of Malcom and Lenore were subject to living revocable trusts. Malcom and Lenore had each established a trust in April 1993 as part of their estate planning. In so doing Malcom and Lenore declared themselves the trustee (with the other named as successor-trustee) and one of the beneficiaries of their respective trusts. They designated their children, Cal Roe and Kathy Pack, as the remaining beneficiaries and as successor-trustees. Both trusts contain the following provision:

Upon the death of the trustor:

This trust shall become irrevocable and there shall first be paid from the trust all expenses of the last illness and funeral of the Trustor, *any indebtedness owed by the Trustor* and any estate tax, gift tax, inheri-

tance tax or income tax owed by the Trustor.

(Emphasis added.)

In the belief that Malcom's negligence caused the accident, Phillips brought this action for declaratory judgment, asserting the trusts' assets should be subject to the wrongful-death claim of Barbara's estate. The district court held the assets of the trusts were available to satisfy any wrongful-death judgment entered in favor of Barbara's estate.[1] The defendant trustee challenged the ruling in this appeal.

I. A revocable living trust, such as the trusts in this case, is a trust established during the settlor's lifetime in which the settlor reserves the right to alter, amend, or revoke the trust and may retain the right during his or her lifetime to direct the disposition of principal and income. *See* 76 Am. Jur.2d *Trusts* § 11 (1992). At the death of the settlor the trust assets are disposed of in accordance with the terms of the trust document. *Id.*

When a trust is created for the settlor's own benefit, the settlor's creditors can reach any trust assets available to the settlor. *McKeon v. Department of Mental Health,* 191 Mich.App. 514, 479 N.W.2d 25, 28 (1991); *Vanderbilt Credit Corp. v. Chase Manhattan Bank,* 100 A.D.2d 544, 473 N.Y.S.2d 242, 245 (1984); Restatement (Second) of Trusts § 156, at 326 (1959). This rule promotes a valid public policy:

A person ought not to be able to shelter his assets from his creditors in a discretionary trust of which he is the beneficiary and thus be able to enjoy all the benefits of ownership of the property without any of the burdens.

*McKeon,* 479 N.W.2d at 28.

Defendant contends that, in order to reach the trusts' assets, it is necessary to find that Malcom and Lenore created the trusts with the intent to avoid their creditors. Such a finding is unnecessary however because it is irrelevant if a settlor intends to defraud his or her creditors or is solvent at the time of

---

1. The petition does not reveal a legal basis that would render Lenore J. Roe liable in the wrongful-death claim. The only question presented in this litigation concerns the effect of placing Malcom and Lenore's assets in the living trusts. Our holding is limited accordingly.

the creation of the trust. *See Farmers State Bank v. Janish,* 410 N.W.2d 188, 190 (S.D. 1987); Restatement (Second) of Trusts § 156 cmt. a, at 326 ("[I]t is immaterial that the settlor-beneficiary had no intention to defraud his creditors.").

■ Here, Malcom and Lenore were the settlor, trustee, and one of the beneficiaries of their respective trusts. They also had all the income and principal of the trusts at their disposal. If the Roes had therefore survived the accident and Barbara's estate recovered on the wrongful-death claim, the assets of the trusts could be used to satisfy a judgment against them. In finding for Phillips, the district court so recognized, and observed it would be inequitable to shield the assets from the plaintiff's contingent claim only because the Roes died in the accident.

It must be conceded that Malcom and Lenore's powers to amend or revoke the trusts, or to direct payment from it, obviously died with them, and the remainder beneficiary's interests in the trust became vested. In one jurisdiction, at least, it has been held that when the settlor of a revocable living trust dies, the property is no longer subject to his debts. *See Schofield v. Cleveland Trust Co.,* 135 Ohio St. 328, 21 N.E.2d 119, 122–23 (1939) (relying on interpretation of statute). We however think the better authority is to the contrary. *See ITT Commercial Fin. Corp. v. Stockdale,* 25 Mass.App.Ct. 986, 521 N.E.2d 417, 417–18 (1988); *State St. Bank & Trust Co. v. Reiser,* 7 Mass.App.Ct. 633, 389 N.E.2d 768, 771 (1979); *In re Estate of Kovalyshyn,* 136 N.J.Super. 40, 343 A.2d 852, 856–57 (N.J.Cty.Ct.Prob.Div.1975); *Johnson v. Commercial Bank,* 284 Or. 675, 588 P.2d 1096, 1099 (1978).

The defendant trustee argues trusts' assets should not be reached because the contingent wrongful death claim is not a "debt" required to be paid out of the trust. He points to the language of the trusts, "any indebtedness *owed* by the trustor," for support. (Emphasis added.) He insists the debt must have arisen during Malcom and Lenore's lifetime in order for the trusts' assets to be reached.

We conclude that the case should not be reversed on such a basis. Even though the tort claim was not reduced to judgment before Malcom and Lenore's deaths, the facts precipitating it occurred during their lifetimes. The trial court was correct in holding the trusts' assets may be reached to satisfy the wrongful-death claim.

AFFIRMED.