IN THE SUPREME COURT OF IOWA

 No. 06 / 04-1219

 Filed March 17, 2006

MARY JANE SIEH, Executor of the Estate of Edward A. Sieh,

 Appellant,

vs.

RODGER ALAN SIEH and CARENE ELLEN LARSEN, Trustees under the Edward A. Sieh
Trust Agreement Dated May 19, 1992; RODGER ALAN SIEH, Individually; and
CARENE ELLEN LARSEN, Individually,

 Appellees.

 Appeal from the Iowa District Court for Grundy County, Thomas N.
Bower, Judge.

 Surviving spouse electing against will appeals from order refusing to
include assets of revocable inter vivos trust created by decedent as
property subject to the surviving spouse’s statutory share under Iowa Code
section 633.238 (2003). REVERSED AND REMANDED.

 Paul C. Peglow of Johnson, Sudenga, Latham, Peglow & O'Hare, P.L.C.,
Marshalltown, for appellant.

 Mark E. Kirk and Jen Bries of Ball, Kirk & Holm, P.C., Waterloo, for
appellees.

CARTER, Justice.
 Mary Jane Sieh, surviving spouse of Edward A. Sieh, deceased, who has
elected against his will, appeals from an order in probate refusing to
include the assets of a revocable inter vivos trust created by Edward
during his lifetime as property subject to Mary Jane’s statutory share
under Iowa Code section 633.238 (2003). The appellees are Rodger Alan Sieh
and Carene Ellen Larsen, Edward’s son and daughter, who are the
beneficiaries of the inter vivos trust. After reviewing the record and
considering the arguments presented, we conclude that because Edward had
full control of the assets of the inter vivos trust at the time of his
death, including the power to revoke the trust, the trust assets were
property possessed by the decedent during the marriage and thus subject to
the spouse’s statutory share under section 633.238. We reverse the
judgment of the probate court and remand the case to that court for
recomputing Mary Jane’s statutory share under that statute.
 The revocable inter vivos trust at issue here was created by Edward
on May 19, 1992. At that time, he was unmarried. On the day the trust was
created, Edward transferred all of his personal effects, furniture,
appliances, vehicles, tools, and shop equipment to the trust. On
December 23, 1992, he transferred a substantial amount of Grundy County
farmland owned by him to the trust. On June 21, 1998, Edward married
Mary Jane. They remained married until Edward’s death on September 25,
2003.
 Rodger and Carene caused Edward’s will to be proved and filed without
present administration and notice of that act was published on October 9,
2003, and October 16, 2003. They also caused to be published on
October 16, 2003, and October 23, 2003, the following notice:

 To all persons regarding Edward A. Sieh, deceased, who died on
 or about September 25, 2003. You are hereby notified that Carene
 Ellen Larsen and Rodger Alan Sieh are the trustees of the Edward A.
 Sieh trust . . . .

 Any action to contest the validity of the trust must be brought
 in the district court of Grundy County, Iowa, within the later to
 occur of sixty days from the date of second publication of this
 notice, or thirty days from the date of mailing this notice to all
 heirs of the decedent, spouse of the decedent, and beneficiaries under
 the trust whose identities are reasonably ascertainable . . . .

 Creditors having claims against the trust must mail them to the
 trustee at the address listed below via certified mail, return receipt
 requested. Unless creditor claims are mailed by the later to occur of
 sixty days from the second publication of this notice or thirty days
 from the day of mailing this notice, a claim shall be forever barred.

A copy of the foregoing notice, which was in compliance with Iowa Code
section 633.3109, was mailed to Mary Jane.
 On February 20, 2004, Mary Jane caused herself to be appointed
executor of Edward’s estate and published notice thereof pursuant to Iowa
Code section 633.304. She immediately filed an election to take against
the will. She then sought a declaratory decree in probate establishing
that the assets of the revocable trust should be included in the statutory
share that she would receive as a result of her election against the
will.[1] Both Mary Jane and the appellees moved for summary judgment. The
court overruled Mary Jane’s motion and granted appellees’ motion.
 I.  Scope of Review.
 Because the ruling being appealed was made by sustaining the
appellees’ motion for summary judgment, we review the issues presented for
errors at law. Wernimont v. Wernimont, 686 N.W.2d 186, 189 (Iowa 2004).
We examine the record to determine whether any genuine issue of material
fact exists and whether the court correctly applied the law. Id.; Hegeman
v. Kelch, 666 N.W.2d 531, 533 (Iowa 2003).
 II.  Probate Court’s Ruling.
 In granting summary judgment in favor of appellees, the probate court
concluded that, because the revocable inter vivos trust existed as a
legally recognized entity separate and distinct from the estate of the
decedent, the trust assets were not subject to a surviving spouse’s
election under section 633.238. In so ruling, the court acknowledged a
split of authority on this issue from other jurisdictions. Cases cited by
the court that agreed with its view included Bezzini v. Department of
Social Services, 715 A.2d 791 (Conn. Ct. App. 1998); Taliaferro v.
Taliaferro, 843 P.2d 240 (Kan. 1992); Soltis v. First American Bank, 513
N.W.2d 148 (Mich. Ct. App. 1994); and Dumas v. Estate of Dumas, 627 N.E.2d
978 (Ohio 1994). The court also noted in its ruling that the Iowa Court of
Appeals in considering a request for a spouse’s twelve-month subsistence
allowance under Iowa Code section 633.374 has held that the assets of a
revocable trust created by the decedent are not available for the payment
of such allowance. In re Estate of Epstein, 561 N.W.2d 82, 87 (Iowa Ct.
App. 1996).
 Cases considered by the district court that subjected the assets of a
revocable trust to a surviving spouse’s election included Dunnewind v.
Cook, 697 N.E.2d 485, 489 (Ind. Ct. App. 1998), and In re Estate of Inter,
664 A.2d 142, 147 (Pa. Super. Ct. 1995). The results in the latter two
cases are consistent with the views that have been expressed by the
American Law Institute in the Restatement (Third) of Property (Wills & Don.
Trans.) and the Restatement (Third) of Trusts. The Restatement (Third) of
Property provides:

 In a state whose statute subjects the decedent’s “estate” to the
 [spouse’s elective share], the elective share is applied to the value
 of the decedent’s estate which, for purposes of calculating the
 elective share, includes (i) the value of the decedent’s probate
 estate, (ii) the value of property owned or owned in substance by the
 decedent immediately before death but passed outside of probate at the
 decedent’s death to donees other than the surviving spouse, and (iii)
 the value of irrevocable gifts to donees other than the surviving
 spouse made by the decedent in anticipation of imminent death.

Restatement (Third) of Property: Wills and Donative Transfers § 9.1(c)
(2003). Comment j to this section of the Restatement provides:

 Although property owned or owned in substance by the decedent
 immediately before death that passed outside of probate at the
 decedent’s death is not part of the decedent’s probate estate, such
 property is owned in substance by the decedent through various powers
 or rights, such as the power to revoke, withdraw, invade, or sever, or
 to appoint the decedent or the decedent’s estate as beneficiary.
 Consequently, for purposes of calculating the amount of the [spouse’s]
 elective share the value of property owned or owned in substance by
 the decedent immediately before death that passed outside of probate
 at the decedent’s death to donees other than the surviving spouse is
 counted as part of the decedent’s “estate.” The decedent’s motive in
 creating, exercising or not exercising any of these powers is
 irrelevant.

Restatement (Third) of Property: Wills and Donative Transfers § 9.1 cmt. j
(2003) (emphasis added).
 The Restatement (Third) of Trusts provides:

 A trust that is not testamentary is not subject to the formal
 requirements of § 17 [requirements for execution and witnessing] or to
 procedures for the administration of a decedent’s estate;
 nevertheless, a trust is ordinarily subject to substantive
 restrictions on testation and to rules of construction and other rules
 applicable to testamentary dispositions, and in other respects the
 property of such a trust is ordinarily treated as though it were owned
 by the settlor.

Restatement (Third) of Trusts § 25 (2003). Comment d of this restatement
provides:

 [I]n most American jurisdictions the surviving spouse of a
 married decedent is entitled to a share of the estate of which the
 spouse cannot be deprived by the decedent’s will in the absence of an
 election by the spouse to accept something less or different, or
 nothing, as may be provided by the decedent’s will. Although modern
 versions of these so-called “forced” or “elective” share statutes vary
 considerably in language and in details of implementation, a married
 property owner cannot properly circumvent the policy of such statutes
 through the use of an inter vivos trust that is revocable, directly or
 indirectly (such as through an unrestricted power of amendment or
 appointment), by the settlor.

Restatement (Third) of Trusts § 25 cmt. d (2003).[2]
 The issue now presented to this court is one of first impression.
Over ninety years ago, we determined that the assets in an irrevocable
trust created by a deceased spouse during his lifetime could not be
included in the surviving spouse’s statutory share following an election
against the will. Haulman v. Haulman, 164 Iowa 471, 484, 145 N.W. 930, 935
(1914). In so holding, we emphasized the lack of control that the decedent
had over the trust assets. Id. In the present case, the decedent had
complete control over the trust assets at all times prior to his death.
Under the position adopted by the American Law Institute in the
restatements to which we have referred, that fact would allow the assets in
the revocable trust to be included in the statutory share of Edward’s
spouse electing against the will. We adopt the view of the American Law
Institute on this issue. Although Edward very likely did not intend for
Mary Jane to share in any of the trust assets, we are satisfied that this
is her right by reason of section 633.238.
 In adopting this position, we are influenced by the fact that we have
previously recognized the right of a general creditor to proceed against
the assets in a revocable inter vivos trust for purposes of satisfying a
valid claim filed in the estate of the settlor. In re Estate of Nagle, 580
N.W.2d 810, 811 (Iowa 1998). Although the appellees point out that the
trust in Nagle contained language authorizing the payment of debts, we did
not decide the case on that basis. We relied on the principle that a trust
settlor should not be allowed to retain all the benefits of ownership
without assuming any of the burdens. Id.
 We are convinced that the rights of a surviving spouse should not be
less favored than the interests of general creditors. We conclude that the
district court erred in not subjecting the assets of the revocable inter
vivos trust created by Edward to Mary Jane’s spousal election under section
633.238.

 III.  Whether Mary Jane’s Election is Time Barred Pursuant to Iowa
Code Section 633.3109.

 The district court concluded that, even if Mary Jane was entitled to
subject the assets of the revocable trust to her spousal election, that
election was time barred by reason of Iowa Code section 633.3109. That
statute provides for the giving of notice of the type served on Mary Jane
by the trustees and provides that, unless an action to contest the validity
of the trust is brought within the later to occur of sixty days from the
date of the second publication of the notice or thirty days from the date
of mailing the notice, such claims are barred. Iowa Code § 633.3109(3)(d).
 This statute further provides creditors having claims against a trust must

 mail proof of their claim to the trustee via certified mail, return
 receipt requested, within the later to occur of sixty days from the
 second publication of the notice or thirty days from the date of
 mailing of the notice, or thereafter be forever barred.

Iowa Code § 633.3109(3)(e).
 Mary Jane urges that this statute does not operate to bar her effort
to include the assets of the revocable trust in the statutory share to
which she is entitled by reason of her timely election against Edward’s
will. We agree. Pursuant to her election to take against the will, the
district court had authority to decide whether her statutory share embraced
the trust assets by a ruling in the estate proceedings. It was not
necessary for Mary Jane to file a claim in the trust or bring a separate
action involving the trust in order to obtain the relief she was seeking.
An analogous situation exists with regard to creditors filing claims in an
estate following the publication of notice under Iowa Code sections 633.230
or 633.304. Those creditors may seek to subject revocable trust assets to
their claims in the estate proceeding through the regular claims process
and are not subject to the requirements of section 633.3019(3). Iowa Code
§ 633.3019(2). The notice and bar provisions of section 633.3019(3) are
conditioned on an absence of proper notice to creditors in the estate
proceeding. See id.
 We have considered all issues presented and conclude that the
judgment of the district court must be reversed. The case is remanded to
that court for a determination of Mary Jane’s spousal share under section
633.238 in accordance with the directives of this opinion.
 REVERSED AND REMANDED.
-----------------------
 [1]Pursuant to Iowa Code section 633.238 (2003), a surviving spouse
electing against the will is entitled to the following share of the estate:

 If the surviving spouse elects to take against the will, the
 share of such surviving spouse will be:
 1.  One-third in value of all the legal or equitable estates in
 real property possessed by the decedent at any time during the
 marriage, which have not been sold on execution or other judicial
 sale, and to which the surviving spouse has made no relinquishment of
 right.
 2.  All personal property that, at the time of death, was in the
 hands of the decedent as the head of a family, exempt from execution.

 3.  One-third of all other personal property of the decedent
 that is not necessary for the payment of debts and charges.

 [2]Section 2-202 of the Uniform Probate Code also provides for an
augmented estate in computing the spousal elective share, including assets
in revocable trusts created by the deceased’s spouse. After this case had
been decided in the district court, the Iowa legislature amended section
633.238 to include the assets in revocable trusts created by a deceased
spouse in the surviving spouse’s statutory share. 2005 Iowa Acts ch. 38,
§ 14. This legislation would be significant to our present consideration
only if our attempt to determine what the law was prior to the amendment
leaves us with some doubt. Bob Zimmerman Ford, Inc. v. Midwest Auto. I,
L.L.C., 679 N.W.2d 606, 610 (Iowa 2004). For the reasons we indicate in
our opinion, it does not.