Kaplan, Mitchell H., J.
New England Phoenix Co., Inc. (“NEPCO”) filed this action against Kenneth G. LaFauci (“LaFauci”) d/b/a Brothers Auto Body to recover a sum due under a promissory note. The action also seeks to reach and apply property held by two revocable trusts, the K+L Realty Trust (the “1994 Trust”) and the Kappa Lambda Trust (the “2004 Trust”) (collectively the ‘Trusts”); LaFauci is settlor and sole trustee of each Trust. The matter is now before the court on the parties’ cross motions for summary judgment on Counts Two and Three of NEPCO’s complaint which seek relief against the Trusts. For the foregoing reasons, each motion is ALLOWED in part and DENIED in part.
BACKGROUND
On May 20, 2010, NEPCO filed its complaint, pled in three counts. Count One seeks to recover $67,970.07 plus interests, costs, and attorney fees from LaFauci under a promissory note held by NEPCO. Count Two seeks: (1) a preliminary injunction enjoining LaFauci, as trustee and individually, from withdrawing, transferring, hypothecating, granting or conveying his right, title, or interest in real estate owned by the Trusts; and (2) upon entry of a judgment for damages under Count One, an order that the value of any right, title, or interest LaFauci may have in the trusts’s properties can be applied to satisfy the judgment. Count Three asserts that the two trusts are mere alter egos of LaFauci and seeks judgment against the trusts for the amount owed under the promissory note.
On June 30, 2010, the court granted NEPCO’s request for a preliminary injunction under Count Two. NEPCO subsequently filed a motion for partial summary judgment under Count One, which was granted without opposition on December 13, 2010, as to liability only. The court entered final judgment, pursuant to Mass.R.Civ.P. 54(b), 56, and 58(a), on Count One and awarded damages against LaFauci in the amount of $59,764.58 plus accrued interest of $10,739.35, late fees of $718.13, and attorneys fees and costs of $5,472.10. In its pending motion, NEPCO now seeks judgments against the Trusts in order that it may satisfy the judgment obtained against LaFauci. NEPCO asserts that provisions of the trust instruments establish that they are revocable trusts and therefore their property may be taken to satisfy their claims as judgment creditors of LaFauci. In response, LaFauci argues that he does not control the Trusts’ assets, and they are not reachable by NEPCO.
DISCUSSION
I. Standard of Review
Summary judgment is granted when there is no genuine issue of material fact and the summary judgment record entitles the moving party to judgment as a matter of law. Mass.R.Civ.P. 56(c); Cassesso v. Commissioner of Corr., 390 Mass. 419, 422 (1983). The moving party bears the burden of affirmatively demonstrating the absence of a triable issue and that the summary judgment record entitles it to judgment as a matter of law. Pederson v. Time, Inc., 404 Mass. 14, 17 (1989). The moving party may satisfy its burden either by submitting affirmative evidence that negates an essential element of the opposing parly’s case or by demonstrating that the opposing party has no reasonable expectation of proving an essential element. Flesner v. Technical Commc’ns Corp., 410 Mass. 805, 809 (1991); Kourouvacilis v. General Motors, 410 Mass. 706, 716 (1991). Once the moving party establishes the absence of a triable issue, the burden shifts to the nonmoving party to respond by “set[ting] forth specific facts showing that there is a genuine issue for trial.” Mass.R.Civ.P. 56(e); Kourouvacilis, 410 Mass. at 716.
II. Analysis
In Massachusetts, a plaintiff can reach trust property to satisfy a judgment if “the trust instrument as a whole gives [the defendant] the power to eliminate the interests of all others in the trust (emphasis added).” Markham v. Fay, 74 F.3d 1347, 1357 (1st Cir. 1996) (interpreting Massachusetts case law); see also State Street Bank & Trust Co. v. Reiser, 7 Mass.App.Ct. 633, 638 (1979); ITT Commercial Finance Corp. v. Stockdale, 25 Mass.App.Ct. 986, 987-88 (1988). In other words, trust assets may not be reached to satisfy the debts of the defendant/trustee where the trust instrument exhibits an express intent to reserve the trust property for the beneficiaries so that the defendant/trustee lacks the ability to vest himself with the trust property through amendment or revocation. See Markham, 74 F.3d at 1358 (“[W]hat is dispositive for these purposes is whether the trust instrument contained ascertainable limits on [the trustee’s] power to pay income or invade principal for her benefit alone that the other beneficiaries could rely on to enforce any rights of their own”).
Here, it is evident that the assets of the 2004 Trust are available to satisfy NEPCO’s judgment against *414 LaFauci because the trust instrument gives LaFauci, as settlor, an unqualified right to revoke or amend the trust at any time. Although the instrument vests the trust’s res in the beneficiaries upon the trust’s termination (see Paragraph 3(c)) and does not explicitly grant LaFauci the power to change the trust’s beneficiaries, these ostensible restrictions do not prevent LaFauci from invading the trust’s principal and income for his benefit. LaFauci has the capacity to use his unlimited power of amendment to remove these restrictions and make himself the sole beneficiary. See Markham, 74 F.3d at 1357 (noting that debtor had the capacity to use her power of amendment to delete provision giving trust assets to her sister upon the trust’s termination); and In re Tougas, 338 B.R. 164, 175 (Bankr.D.Mass. 2006) (absence of a clause providing the power to change beneficiaries irrelevant because power of amendment provided that ability). Consequently, reading the instrument as a whole, it is apparent that LaFauci has the power to eliminate all other interests in the 2004 Trust and that, therefore, the trust’s properly can be taken by his judgment creditor, NEPCO, to satisfy the judgment entered against him.
The same cannot be said for the 1994 Trust. While the trust instrument allows LaFauci, as trustee, to revoke or amend the trust instrument and gives LaFauci the power to eliminate beneficiaries and alter their interests, Article Tenth states that the trustee has “no authority to amend his own interest as a beneficiaxy, nor . . . the authority to eliminate all other beneficiaries, so as to make this trust ineffective.” Such a provision, which is absent from the 2004 Trust: (1) evidences an express intention that LaFauci, as trustee, cannot amend his own beneficial interest (and he had none); and (2) when the instrument is read in its entirety, places a significant limit on LaFauci’s power of amendment. Compare Markham, 74 F.3d at 1358 (power of amendment unlimited). The presence of Article Tenth, in combination with a requirement that the trust res go to the beneficiaries upon the trust’s termination (see Article Third, par. 8) distinguishes this instrument from those in the case law cited by NEPCO. See In re Beatrice, 296 B.R. 576, 579-81 (B.A.P. 1st. Cir. 2003) (debtor had unlimited power to change beneficiaries and terminate the trust and, thus, the power to vest the property in himself); In re Tougas, 338 B.R. at 175 (debtor had unrestricted power of amendment and revocation which gave her the power to convey the trust property to herself); Stockdale, 25 Mass.App.Ct. at 988 (debtor had unlimited power to revoke, amend and change beneficiaries). LaFauci has no power to eliminate all interests of others in the 1994 Trust nor to amend his own beneficial interest. Consequently, the prop--erty held in the 1194 Trust may not be reached by LaFauci’s creditors, including NEPCO.[2]
ORDER
For the foregoing reasons, NEPCO’s motion for summary judgment on Counts Two and Three of its complaint is ALLOWED as to the Kappa Lambda Trust but DENIED as to the K+L Realty Trust. LaFauci’s cross motion is DENIED as to the Kappa Lambda Trust but AlLLOWED as to the K+L Realty Trust. Final Judgment will enter dismissing the claims against the K+L Realty Trust and entering judgment against the Kappa Lambda Trust in an amount equal to the judgment entered against LaFauci under Count One together with any interest accrued since the date of that judgment. At the hearing on these motions an issue was raised with respect to the question of security. As the court indicated at that time, it will not extend the preliminary injunction after the entry of final judgment for money damages against the Kappa Lambda Trust. The court will delay entry of final judgment for thirty days to allow NEPCO to file a motion, consistent with this opinion, that seeks an attachment on property owned by the Kappa Lambda Trust.

It is worth mentioning that the actual use of the trust property is sometimes a key factor in a court’s analysis. A defendant who, in practice, treats trust property as if no trust existed, i.e., as his own property, will have a more difficult time arguing that the relevant trust cannot be reached by a plaintiff See In re Tougas, 338 B.R. at 175. Here, however, the court has not been presented with facts that would allow it to take this factor into account.