In a prior action, the plaintiff, Michael J. Meninno, secured a money judgment against defendant Carl F. Colarusso (first judgment). Subsequently, Meninno discovered that, since the commencement of the prior action, Carl[4] transferred numerous properties that he owned or controlled through various trusts, corporations, or partnerships. Several of these transfers were made through various entities to the benefit of his wife, the defendant Maria Colarusso. As a result, Meninno commenced this action, seeking to enjoin the dissipation of assets and to reach and apply certain properties and the proceeds realized from certain of these properties in satisfaction of the first judgment. After a jury-waived trial, the judge found that some of the transfers were for the purpose of evading Carl's creditors; the judge (1) held Maria jointly and severally liable with Carl on the first judgment and (2) authorized Meninno to reach and apply Carl's and Maria's interests in two trusts, as well as the assets held by one of those trusts (second judgment). The defendants now appeal from this second judgment, and for the reasons set forth below, we affirm.[5]
1. Background. The trial judge found the following facts, which the defendants do not challenge in any material respect. On April 25, 2007, Meninno filed the prior action, alleging that Carl committed a breach of fiduciary duty by failing to pay Meninno his share of the proceeds from the sale of a commercial property. On February 3, 2012, after a jury trial, Meninno prevailed and the first judgment entered against Carl in the amount of $301,692.53, plus statutory interest from the date the prior action was commenced.[6] During his subsequent and unsuccessful efforts to collect on the first judgment, Meninno became aware of various asset transfers, and he filed the present action. We discuss below only the asset transfers at issue in this appeal.[7]
Spark Street Realty Trust. At the center of several of those transfers is an entity known as Spark Street Realty Trust, of which Carl served as the sole trustee until March, 2010, at which time he resigned and Maria assumed the role. According to the defendants, a limited partnership held the beneficial interest in the trust.[8] As the trial judge noted in his written decision, however, the records regarding the beneficial interests in the trust are less than clear. According to the trust documents, the beneficiaries must be identified in a schedule, or any revision thereto, executed and filed with the trustee. Those schedules or revisions are not publicly available and are within the unique possession, custody, or control of the defendants. The most recent schedule offered in evidence was a revision dated June 12, 2002, which, contrary to the defendants' assertion, identified Carl as the sole beneficiary. The trial judge found that Carl, individually, held 100 percent of the beneficial interest in Spark Street Realty Trust up to the 2007 filing of the prior action-a key date for fraudulent transfer purposes.
66 Spark Street. In or about April, 2009, again, while the prior action was pending, Carl, as trustee of Spark Street Realty Trust, sold property at 66 Spark Street,[9] Brockton, to the Peoples Pentecostal Assembly (PPA) for $350,000, taking back a $330,000 mortgage (PPA mortgage). Over the next several years, the PPA mortgage was transferred twice, first from Spark Street Realty Trust to M.C. Realty Investment Corp., a corporation owned by Maria, and then to the Maria Colarusso Revocable Living Trust.[10] As of the second transfer, $297,633.07 was still owed on the mortgage, which had been rewritten, and, since that time, payments of $2,000 per month have been made on the outstanding mortgage to Maria's trust. Finding that both transfers postdated the filing of the prior action and had the effect of transferring, for no consideration,[11] the sale proceeds from an entity in which Carl was the sole beneficiary to a corporation and then a trust owned and controlled by Maria, the trial judge found the transfers fraudulent. He concluded that the proceeds should be available to Meninno.
86 Spark Street. In late 2011, also while the prior action was pending, Spark Street Realty Trust sold property at 86 Spark Street, Brockton, and, shortly thereafter, used the proceeds as part of a tax deferred "like-kind" exchange to purchase property at 49 Sylvan Lane, Osterville (Osterville property). According to Maria's testimony, the Osterville property contains a single-family house, which they rent out. The rental proceeds go to Spark Street Realty Trust (for Maria's benefit, as discussed above). The trial judge found that the sale of 86 Spark Street also qualified as a fraudulent transfer. He ruled that these proceeds were available to Meninno.
88 Spark Street. In January, 2012, a matter of days before the prior judgment entered, Spark Street Realty Trust, with Maria now acting as trustee, sold the property at 88 Spark Street, Brockton, to a third party for $540,000.[12] While the trial judge found that the buyer qualified as a bona fide purchaser for value, he nevertheless ruled that, given Carl's beneficial interest in Spark Street Realty Trust, the proceeds of the sale should be available to satisfy the first judgment.
The second judgment. The judge determined that the value of the fraudulently transferred property, and the proceeds thereof, exceeded the sum of the first judgment, plus interest, and, in an exercise of his authority to fashion equitable remedies, he issued the second judgment, which provides that Meninno is entitled to (1) recover from Maria, jointly and severally with Carl, the first judgment ($301,692.53), plus statutory costs and interest from February 3, 2012,[13] and (2) reach and apply the assets held by Spark Street Realty Trust, as well as the legal, equitable, and beneficial interests held by Carl and Maria in Spark Street Realty Trust and the Maria Colarusso Revocable Living Trust.[14]
2. Standard of review. On appeal from a jury-waived trial, we review the trial judge's findings of fact for clear error and his rulings on questions of law de novo. Trace Constr., Inc. v. Dana Barros Sports Complex, LLC, 459 Mass. 346, 351 (2011). As to the trial judge's imposition of equitable remedies, we review for an abuse of discretion. See Cavadi v. DeYeso, 458 Mass. 615, 624 (2011).
3. Discussion. The defendants' primary argument on appeal is that the trial judge erred in holding Maria jointly and severally liable with Carl for the amount of the first judgment, as opposed to the amount that was fraudulently transferred to her. To that end, they further argue that there was, in fact, no evidence that Maria personally received any of the allegedly fraudulently transferred assets. We disagree.
First, as Carl's spouse, Maria is an "insider" under the Uniform Fraudulent Transfer Act (UFTA). See G.L.c. 109A, § 2. A transfer to an insider is one of the "badges of fraud" suggesting it was made with actual intent to hinder, delay, or defraud creditors. Alford v. Thibault, 83 Mass. App. Ct. 822, 828 (2013). See G.L.c. 109A, § 5(b )(1). See also Shapiro, Perlin & Connors, Massachusetts Collection Law § 14.15 (4th ed. 2015) ("Transfers between spouses are carefully scrutinized under the UFTA"). Further, the evidence found and relied upon by the judge established that Maria personally received the fraudulent transfer of assets. The parties held a mortgage of $330,000 on the 66 Spark Street property, which was initially transferred to a corporation that Maria owned, and then to her revocable living trust.[15] In addition, as trustee of Spark Street Realty Trust, Maria sold a property for $540,000, and the defendants have failed to account for those proceeds. Accordingly, we see no error in the judge's determination that the transactions were fraudulent and chargeable to both Carl and Maria, jointly and severally. Ibid.
The defendants further assert that the 88 Spark Street transfer cannot be deemed fraudulent because the buyer was a bona fide purchaser for value. This contention also lacks merit.
"The UFTA, by its terms, provides for a range of possible remedies and forms of judgment to be entered against a fraudulent transferor or transferee in order to aid a creditor in obtaining repayment of a debt. G.L.c. 109A, § 8 (a ). None of these remedies is mandatory, and the statute commits the form of the judgment to the discretion of the trial judge." Bakwin v. Mardirosian, 467 Mass. 631, 637 (2014) (Bakwin ).[16] Where, as here, the transfers are voidable under the UFTA,[17] a creditor may recover judgment for the value of the asset transferred or the amount necessary to satisfy the creditor's claim, whichever is less, against either (1) the first transferee of the asset or the person for whose benefit the transfer was made; or (2) any subsequent transferee other than a good-faith transferee who took for value. G.L.c. 109A, § 9(a ), (b ). See Bakwin, supra (if transferee has disposed of asset transferred, judgment for money damages against transferee is available and appropriate remedy). Here, it is not the sale to the bona fide purchaser that is at issue but rather the obscure handling of the proceeds of that sale. Therefore, the judge did not err in formulating a remedy involving recovery of the outstanding judgment from these monies. Accordingly, where the proceeds from the sales of 66 Spark Street and 88 Spark Street exceeded the value of the first judgment,[18] the trial judge did not abuse his discretion by entering judgment against Maria, jointly and severally with Carl, for the lesser amount ($301,692.53) of the first judgment, plus statutory costs and interest from February 3, 2012.[19]
Similarly, we see no error in the judge's exercise of his discretion to authorize Meninno to reach and apply the assets held by Spark Street Realty Trust, as well as Carl's and Maria's interests in Spark Street Realty Trust and the Maria Colarusso Revocable Living Trust. See G.L.c. 109A, § 8(a ) (2) (creditor may reach and apply fraudulently transferred asset or other assets and property of transferee). As such the second judgment is affirmed.[20]
Meninno has requested reasonable attorney's fees in connection with this appeal. That request is allowed. The petition for fees and costs shall be filed in accordance with the procedure set forth in Fabre v. Walton, 441 Mass. 9, 10-11 (2009), within fifteen days of the date of rescript, and the defendants shall have fifteen days thereafter to respond.
Judgment affirmed.
Order denying motion to reconsider and make additional findings of fact, and for a new trial and to alter or amend the judgment, affirmed.

For clarity, we refer to the Colarussos by their first names.

The defendants' notice of appeal includes an appeal from the order denying their motion to reconsider and make additional findings of fact and for a new trial and to alter or amend the judgment. As the defendants make no separate argument pertaining to the denial of the motion, any issue regarding the motion is waived.

The first judgment was affirmed on appeal. See Meninno v. Colarusso, 87 Mass. App. Ct. 1125 (2015).

The trial judge found that some of the asset transfers challenged by Meninno were not fraudulent. Meninno has not appealed those rulings.

The documentation regarding the Spark Street Realty Limited Partnership is incomplete and does not rule out that, at the material times, Carl held the beneficial interest in that entity. The defendants, suggesting that they were "ambushed" at trial, chose not to provide clarification or any missing documentation. Given the scope of Meninno's complaint, however, the suggestion is without merit.

The property was identified at times during the trial court proceedings as 60 Spark Street.

The trust is identified as both the Maria Colarusso Living Trust and the Maria Colarusso Revocable Living Trust. We refer to it by the latter name.

Maria testified that the transfers of the PPA mortgage were in return for loans that she or her corporation had made to entities owned by Carl. When pressed for details, however, she could not provide any, and the defendants did not offer any underlying loan documentation, such as promissory notes or cancelled checks. The trial judge, therefore, did not credit the assertion that the transfers were for valuable consideration. In so doing, he did not, as the defendants argue, improperly turn his disbelief of Maria's testimony into affirmative proof of an element on which Meninno had the burden. See Kunkel v. Alger, 10 Mass. App. Ct. 76, 86 (1980).

The records regarding this transfer are not clear, but the defendants have not disputed the trial judge's factual findings, other than to note that there might have been a "misnomer" regarding the address.

As to Carl, statutory interest runs from April 25, 2007, the date when the initial action was filed.

The second judgment also enjoined and restrained the defendants from dissipating those assets and required them to cooperate in liquidating them if the first judgment was not satisfied within thirty days.

While it is not critical to our decision, we note that the trust documents for the Maria Colarusso Revocable Living Trust provide that Maria, during her life, was to control and/or receive distributions of the principal and net income. She also retained the right to amend or revoke the trust at any time. The retention of such significant control renders the assets of a trust accessible to creditors. See ITT Commercial Fin. Corp. v. Stockdale, 25 Mass. App. Ct. 986, 988 (1988). "This is so even if the trust contains spendthrift provisions." State St. Bank & Trust Co. v. Reiser, 7 Mass. App. Ct. 633, 636 (1979).

Under G.L.c. 109A, § 8, a creditor "may obtain trustee process, an attachment, injunctive or equitable relief, including appointment of a receiver or an order to reach and apply the asset, or any other relief the circumstances may require." Shapiro, Perlin & Connors, Massachusetts Collection Law § 14.25.

The trial judge declared the transfers fraudulent under G.L.c. 109A, § 5(a )(1) (transfer is fraudulent as to creditor whose claim arose before or after transfer was made, if debtor made transfer with actual intent to hinder, delay, or defraud any creditor) and § 6(a ) (transfer is fraudulent as to creditor whose claim arose before transfer was made if debtor made transfer without receiving reasonably equivalent value in exchange and was insolvent at that time or became insolvent as result of transfer).

We also reject the defendants' claim that the sale of 86 Spark Street does not qualify as fraudulent because Spark Street Realty Trust merely exchanged that property for the equivalently valued Osterville property. Even if true, Meninno is entitled to reach and apply that asset.

This entry does not alter Carl's obligation to pay statutory interest from April 25, 2007. See note 12, supra.

To the extent we have not discussed other arguments presented by the defendants, they "have not been overlooked. We find nothing in them that requires discussion." Commonwealth v. Domanski, 332 Mass. 66, 78 (1954).